### LATTIMORE AND OTHERS *against* HARSEN.

A release by pa·
rol of the par-
ties of one part
to a contract
under seal, to
perform certain
work, from a fur-
ther perform-
ance of their
agreement,
made by one on-
ly of the parties
of the other
part, is valid.
   Where the
plaintiffs had en-
tered into an
agreement un-
der seal, to per
form certain
work, under a
penalty, and
were afterwards
released by the
defendant, by
parol, from a
further per-
formance under
the agreement,
but who promi-
sed them that if
they would go
on and complete
the work, he
would pay them
for their labour
by the day, it
was held that
as the plaintiffs
might have re-
leased them-
selves from the
agreement by
incurring the
penalty, there
was a sufficient
consideration
for the promise
of the defend-
ant, and that the
plaintiffs might
recover under
the substituted
agreement.

THIS was a motion to set aside the report of referees. It appeared from the affidavits which were read, that the plaintiffs entered into an agreement under seal, dated the 14th of *November*, 1815, with *Jacob Harsen*, and the defendant, *Cornelius Harsen*, by which the former, in consideration of the sum of 900 dollars, agreed to open a cartway in *Seventieth-street*, in the city of *New-York*, the dimensions and manner of which were stated in the agreement, and bound themselves under the penalty of 250 dollars to a performance on their part. Some time after the plaintiffs entered upon the performance, they became dissatisfied with their agreement, and determined to leave off the work, when the defendant, by parol, released them from their covenant, and promised them that if they would go on and complete the work, and find materials, he would pay them for their labour by the day. The plaintiffs had received more than the sum stipulated to be paid to them by the original agreement. The action was brought for the work and labour, and materials found by the plaintiffs, under the subsequent arrangement, and the referees reported the sum of 400 dollars, and 5 cents, in favour of the plaintiffs.

The case was submitted to the court without argument.

*Per Curiam.* The only question that can arise in the case is, whether there was evidence of a contract between the plaintiff and the present defendant, to perform the services for which this suit is brought. From the evidence, it appears that a written contract had been entered into between the plaintiff and the defendant, together with his father *Jacob Harsen*, for the performance of the same work; and that, after some part of it was done, the plaintiffs became dissatisfied with their contract, and determined to abandon it. The defendant then agreed, if they would go on and complete the work, he would pay them by the day for such service, and the materials found, without reference to the written contract.

This is the allegation on the part of the plaintiffs, and which the evidence will very fairly support. If the contract is made out, there can be no reason why it should not be considered binding on the defendant. By the former contract, the plaintiffs subjected themselves to a certain penalty for the non fulfilment, and if they chose to incur this penalty, they had a right to do so, and notice of such intention was given to the defendant, upon which he entered into the new arrangement. Here was a sufficient consideration for this promise; all payments made on the former contract have been allowed, and perfect justice appears to have been done by the referees, and no rules or principles of law have been infringed. The motion to set aside the report, therefore, ought to be denied.

Motion denied.