ALBANY,
Feb. 1827.
———
Dearborn
v.
Cross.
</div>

Judgment for the plaintiff.

---

*Gazley* v. *Price,* 16 Johns. 267; *Vide Manhattan Company* v. *Miller,* 2 Caines, 60 *; Snyder* v. *Croy,* 2 Johns. 428 *; Sherwin* v. *Bliss,* 4 Vermont, 99; *Sampson* v. *Henry,* 11 Pick. 379; *Hooper* v. *Jellison,* 22 Pick. 250; *Wait* v. *Maxwell,* 4 Pick. 87 *; Hartwell* v. *Hemmenway,* 7 Pick. 117; *McClure* v. *Erwin,* 3 Cowen, 313 *; Allen* v. *Crofoot,* 7 Cow. 46 *; Vide Lytle* v. *Lee,* 5 Johns. 112 *; Thomas* v. *Rumsey,* 6 Johns. 26 *; Everitt* v. *Bartlett,* 1 Spencer, 117 *; Benington Iron Co.* v. *Rutherford,* 3 Harr. 468. A plea concluding with a verification, which ought to conclude to the country, will be stricken out on motion. *Copperthwait* v. *Dummer,* 3 Harr. 258. See *Stevens* v. *Bowers,* 1 Harr. 16 *; Carthrae* v. *Clarke,* 5 Leigh, 268.

---

## *Dearborn against* Cross and Thrasher.                [*48]

ASSUMPSIT on a note made by the defendants, payable to the plaintiff; tried at the Madison circuit, March 22d, 1826, before WILLIAMS, C. Judge.

The case at the trial was as follows; the note was for 374 gallons of whiskey, dated November 12th, 1819; and was one of several notes given by the defendants to the plaintiff under these circumstances: On that day, Cross, one of the defendants, agreed to purchase of the plaintiff a distillery and dwelling house, for the consideration of 1200 gallons of whiskey. He gave the note in question (with others) for the whiskey, payable at different periods; and the plaintiff gave him a bond, in the penalty of $1200, conditioned to give him a conveyance, if he should pay the notes according to their tenor, &c. Cross took possession.

The defence set up at the trial was, that the contract for the sale had been rescinded by a verbal agreement between

<div align="right">

A bond, or other specialty, may be discharged or released by a parol agreement between the parties. And especially where such parol agreement is executed. Thus, where D. bound himself, by bond, to sell land to C. who gave his notes for the consideration money, and took possession; but afterwards, it was, in pursuance of a parol agreement, surrendered to
</div>

D., who finally sold it. Though the bond was not cancelled or surrendered; yet *held,* that it was discharged; and that no action would lie on the notes; the whole contract of sale being discharged by the new parol, executed agreement.

the parties; and that the plaintiff, pursuant to that agree ment, and with Cross' consent, had re-entered upon and rented the house, and finally sold the whole premises to another.

The bond, however, had never been delivered up or cancelled. On objection, the judge overruled this defence, upon the ground that the contract could not be rescinded by a parol agreement of this description; that it could be discharged only by a release, or a surrender and cancelling of the contract. The defendants excepted. The plaintiff had a verdict for $112.

*J. A. Spencer*, for the defendant, now moved for a new trial. He cited 1 John. Dig. 32 to 36, and the cases there referred to; 14 John. Rep. 330; 3 id. 528; 13 id. 359; 1 Cowen, 250.

*S. Beardsley*, contra.

[*49]

*Curia, per* SUTHERLAND, J. I think the judge erred. The consideration for the notes, was the agreement on the part of the plaintiff, to convey the premises mentioned in the bond. The evidence given, and that which was offered to be given, show, not merely an executory agreement to rescind the contract, but an agreement executed and carried into effect, by a surrender of the possession, and a subsequent sale of the premises.

The defendants offered to prove, that immediately upon Cross' entering into the contract, he took possession of the premises pursuant to an understanding of the parties; and continued in possession until the making of the agreement to give up, and rescind the contract of purchase; and that then he surrendered the possession to the plaintiff, who immediately entered into possession, and soon after rented the house, and had since sold the premises, (both house and distillery.)

Independently of the agreement, a rescinding of the contract might, and, in a court of equity, undoubtedly would be presumed, from the fact of a surrender of the possession

by Cross, and an acceptance of it, and a subsequent sale by the plaintiff, against either party who should attempt to enforce it. In *Ballard* v. *Walker*, (3 John. Cas. 60,) the court presumed that a contract for the sale of land had been rescinded, simply from the circumstance that the vendee had given no notice to the vendor, that he should insist upon the agreement, until four years after it was made ; the vendor having, previous to that time, and within one year after the contract was made, sold the land to another person. The court say, under such circumstances, a court of equity would presume, and we think a court of law ought equally to presume, that the contract had been rescinded by the consent of the parties, or discharged by some composition between them. 2 P. Wms. 82; 9 Mod. 2.[1] The defendant, Cross, therefore, could not enforce this contract against the plaintiff; and there seems to be no necessity for sending him to a court of equity, in order to restrain the plaintiff from collecting the notes which were the consideration for the contract.

*The time for the performance of the condition of a sealed, as well as a simple contract, may be enlarged by parol. *Ratcliff* v. *Pemberton*, 1 Esp. N. P. C. 35. *Fleming* v. *Gilbert*, 3 John. 528. *Keating* v. *Price*, 1 John. Cas. 22; 1 Cowen, 250. In *Fleming* v. *Gilbert*, it was also held, that the strict performance of the condition of a bond might be waived by parol. Indeed, the enlargement of the time, is nothing more than a waiver of strict performance.

In *Lattimore and others* v. *Harsen*, (14 John. 330,) the plaintiffs had entered into a covenant with Jacob and

[1] It seems that in France, though the mere lapse of time within which a contract or condition is to be performed is sufficient, on principles of natural justice, to dissolve an engagement; yet the party must be summoned before a magistrate, who, in default of his appearance, or performance, will declare the agreement void; and such a summons and order of a judge seems necessary, according to the same usage, even where no time is limited, before there can be an extinguishment or rescission of the contract. But though no such sentence or order is obtained, yet if a considerable time has elapsed, a presumption will arise that the contract has been extinguished or rescinded by the tacit consent of the parties. Pothier, Trait. des Oblig. No. 636; Trait du Contrat de Vente, No. 480.

ALBANY, Feb. 1827.

Dearborn v. Cross.

[*50]

Cornelius Harsen, to open a certain street in the city of New-York, for the consideration of $900; and bound themselves to a performance in the penalty of $250. Some time after they had commenced the work, they became dissatisfied with their contract, and determined to abandon it; when the defendant, by parol, released them from their covenant, and promised them, if they would go on and complete the work, he would pay them for it by the day, without reference to the contract. The action was brought for work, labor, &c., under the subsequent arrangement, and was sustained by the court.

The parol release of the performance of the covenant must have been considered valid; and as having entirely disposed of it; else the plaintiffs could not have recovered. The action was not brought to recover the difference between the contract price, and actual value of the labor performed; but for the value of the materials and labor, without any reference to the contract. The action was, therefore, founded on the assumption that the original contract was at an end; and it must have been so considered by the court. If not, there would have been two contracts in force at the same time, for the performance of the same work, at entirely different rates of compensation. This could not be. The parol release of the covenant must have been held valid.

But in the case at bar, it is not necessary to decide that a parol agreement to rescind a sealed contract is binding as an executory agreement. For here it was carried into [*51] *effect by the parties. Every thing was done except the actual destruction of the writing itself. The possession was changed, and the plaintiff resold the land. It is not material that Cross, the defendant, had not a strict legal right to the possession under the contract. He was put into possession by the plaintiff at the time of the contract. His right was never questioned; and he surrendered it under the new agreement; and not because he was not entitled to it under the first contract. His right to the possession, therefore, was admitted by the plaintiff. I repeat, therefore, that the new agreement was substantially executed.

The evidence ought to have been received, and a new trial must be granted .

<div align="right">New trial granted.</div>