## MORRIL *vs.* CHADWICK and a.

In an action of covenant, upon an indenture, the plaintiff may show, by parol evidence, that a partial and formal performance of a stipulation, on his part, to deliver certain articles, with an agreement of a third person to deliver the residue, has been accepted by the other party as a full performance of the covenant; and such evidence will support a general averment of performance by him.

COVENANT. The declaration alleged, that on the 20th of June, 1835, by an indenture made between the parties, the plaintiff demised to the defendants one complete set of stereotype quarto bible plates, made for the plaintiff by Luther Roby, and also the stereotype plates of a concise geography, &c., (with divers other plates, which were enumerated) to have and to hold for the term of twelve years, yielding and paying therefor the yearly rent of $400, in half yearly payments, and that the defendants covenanted to pay said rent; and averring that the plaintiff had performed all things on his part, assigned a breach in the non-payment of the rent due for the first six months.

The defendants pleaded *non est factum,* and filed a brief statement, setting forth, among other things, that the articles were never delivered by the plaintiff to them.

On the trial, the plaintiff produced an indenture, dated June 20, 1835, under the seal of the parties, and containing the demise and covenants alleged, with a covenant by the plaintiff for quiet enjoyment, and an agreement in these words—"It is hereby understood and agreed, that all said

' plates and apparatus are to be delivered to the said Edmund
' S. Chadwick and David Kimball, without any delay, except
' the plates for the concordance for said bible, which may be
' delivered at any time within sixty days from the date
' hereof."

Said Luther Roby testified that after the execution of the
indenture, the plates for the bible were delivered at his shop
—that the plates for the concordance for said bible were not
then finished—that the plaintiff asked said Chadwick if they
would take a delivery of the whole of the plates, and look
to said Roby for the concordance plates, and that said Chad-
wick said he would, and enquired of the witness when they
would be completed ; to which witness replied, in about sixty
days—that some of the concordance plates were brought for-
ward at the time, and that Chadwick then agreed to take
the delivery of the concordance plates, and look to witness
for them, and that he believed the concordance plates were
finished within the sixty days.

The defendants objected that it was not competent for the
plaintiff to show a parol agreement waiving a delivery of
part of the plates—but the court admitted the evidence.
There was also a writing, at the bottom of the indenture,
signed by the defendants, but not under seal, in these words :
" We hereby acknowledge we have received the within nam-
ed quarto bible plates, and plates for the within named ge-
ography, together with the box containing the same." "June
20, 1835."

A verdict was taken for the plaintiff, by consent, subject
to the opinion of the court upon the foregoing case.

*Bartlett,* for the defendants, contended, that evidence of
a parol agreement could not be admitted to vary the original
contract—that there was no consideration for such agreement
—that if there had been such an agreement upon a good
consideration, the action should have been brought on that
contract—and that the evidence did not support the declara-

tion. He referred to the authorities cited 9 *Pick. Rep.* 298.

*S. Fletcher*, for the plaintiff, said, the plates, with one exception, were delivered at the time of the execution of the indenture, and at the shop of the manufacturer—that the concordance plates were part of the bible plates, and the receipt acknowledged the whole—that actual delivery was taken of those which were finished, and the agreement to look to Roby, as the person to deliver the rest, was not a change of the agreement contained in the indenture. And he argued that it was competent for the plaintiff to show an agreement, subsequent to the execution of the indenture, enlarging the time of performance, and substituting Roby as the person to make the delivery.

The averment in the declaration being a general allegation that the plaintiff had performed all things on his part, there is no variance. He cited 8 *Johns. R.* 189, *Thompson* vs. *Ketchum, and cases cited ;* 3 *Johns. R.* 531, *Fleming* vs. *Gilbert ; Stark. Ev.* 1054, *n.* 1 ; 1 *Esp. Rep.* 35, *Ratcliff* vs. *Pemberton ; ditto* 53, *Thresh* vs. *Rake ;* 14 *Johns.* 330, *Lattimore* vs. *Harsen ;* 9 *Pick.* 298, *Munroe* vs. *Perkins.*

PARKER, J. It appears, from the case, that after the indenture was executed, the plaintiff asked the defendant, Chadwick, if he would take a delivery of the whole of the plates, and look to Roby, the manufacturer, for the concordance plates, to which Chadwick replied that he would—that some of the concordance plates were brought forward at the time, and that Chadwick then agreed to take the delivery of the concordance plates, and look to Roby for them.

This evidence, if admissible for that purpose, might show a waiver of the stipulation in the indenture for a delivery of the concordance plates, by the plaintiff, within sixty days, and a substitution of Roby as the person who should deliver them ; and the authorities cited by the defendant's counsel

go far to sustain his position, that a waiver of performance, by a subsequent agreement, may be shown by parol evidence, in an action upon an instrument under seal. 3 *Johns. Rep.* 528 ; 14 *Johns.* 330 ; 9 *Pick.* 298. But some of the cases cited by the counsel in the latter case seem to conflict with this doctrine. If it is competent to show by such evidence a waiver and extension of the time of performance, there does not appear to be any very strong reason why any other waiver may not be proved by evidence of a similar character. 4 *N. H. R.* 40, *Robinson* vs. *Batchelder ;* 7 *Cowen* 50, *Dearborn* vs. *Cross.*

Taking this view of the case, another question occurs, which has been suggested by the defendant's counsel, whether evidence of a waiver of the delivery is admissible under the averment of a general performance by the plaintiff. 3 *Esp. R.* 54 ; 3 *D. & E.* 590, *Littler* vs. *Holland ; and Warren* vs. *Stagg, there cited ;* 1 *Phil. Ev.* 439 [494.]

We do not find it necessary to settle these questions in this case. It is clear that performance of the stipulations contained in the indenture may be shown by parol evidence, notwithstanding the instrument is under seal ; and we are of opinion that the plaintiff is well entitled to show, by such evidence, that a partial and formal delivery of part of the plates, with the agreement of Roby to deliver the residue, has been accepted by the defendants as and for a delivery of the whole, and as equivalent to a strict and full compliance with the terms of the indenture. 7 *Cowen's Rep.* 48. What was done by the parties was equivalent to a formal delivery of part of the plates, in the name of, and for the whole, which was agreed to be accepted as a performance of the obligation, the defendants taking the contract of Roby for the actual delivery afterwards ; and this may well be proved, as performance, under the plaintiff's declaration. 1 *Mau. & Sel.* 27, *Cuff* vs. *Dunn.*

*Judgment for the plaintiff.*