Dewey, J.
1. It was competent for the defendant to show that the parol agreement, made with the agent of the defendant, by the plaintiff, containing certain stipulations to be performed by the respective parties, in reference to the carrying the plaintiff to California, was, subsequently, and before the sailing of the vessel, modified by some further stipulations, entered into between the parties, and such modified agreement forms the basis of their future obligations as to the subject of the contract. Thus, the defendant might show that, at a period prior to the sailing of the vessel, he gave notice to the plaintiff that he would not comply with hia *139 original agreement, and would hold himself responsible for all damages by reason of such breach of contract; and that the plaintiff, thereupon, elected not to avail himself of his right to recover damages therefor, but chose to make a new contract, giving the defendant more advantageous terms, and in consequence of which the defendant would agree to carry the plaintiff to California, and such new contract would be a valid contract between the parties. Nor is any new consideration, further than what exists, on the case supposed, necessary to give effect to this agreement, and make it the basis of future liability between the parties.
This principle is fully recognized in the cases of Munroe v. Perkins, 9 Pick. 298; Lattimore v. Harsen, 14 Johns. 330; Blood v. Enos, 12 Vermont, 625.
2. The shipping paper put into the case, leaves the matter of the payment of the" $25, too uncertain as to the party by whom it was to be paid, to give it the effect it might otherwise have, in excluding the parol evidence introduced by the plaintiff, as to the original parol agreement. The parol evidence of the plaintiff, if admissible at all, however, is, of course, liable to be controlled by other parol evidence of a modification of that agreement.
3. The question of the authority of the shipping agent to take the note of the plaintiff for $25, as cash, is a point yet open, and is to be left to the jury, under proper instructions. If received as payment, and under authority from the principal, the jury may find the modified agreement to have been fully performed on the part of the plaintiff; but, if it was a mere memorandum, or due-bill, with the understanding of all parties, that the same was to be paid in cash, before the party would be entitled to be carried to California, then the giving the note was not a payment of the $25; and if the evidence so establishes the fact, it may be so treated, assuming that the note has never been paid to the defendant, or negotiated by him. Verdict set aside and a new trial ordered.
Dewey, J. The second action was tried in connection with the other, under instructions from the court, one branch *140 of which depended upon the questions raised and settled in the preceding case, that is, as to the right of the defendant to turn the plaintiff out of his vessel, by reason of his failure to pay the $25 already referred to. It being uncertain upon what ground the verdict for the plaintiff was found by the jury, the same must be set aside, and a new trial had.

New trial ordered