ANDREW LEVERING and WILLIAM H. MORTON, Plaintiffs in Error, *vs.* WILLIAM B. LANGLEY and JOSEPH SCALES, Defendants in Error.

### ERROR TO THE DISTRICT COURT OF RAMSEY COUNTY.

A lease of land for ten years, executed under seal, was assigned, with the written consent of the landlord to third parties, who entered into possession. At the time of the transfer a parol agreement was made between the landlord, the lessees and the assignees of the lease, that the latter were to be accepted by the landlord as his tenants and the lessees discharged from all further liability under the lease. The landlord subsequently charged the rent on his books to the assignees, credited them with payments, and treated them as his tenants in all things. *Held*, That the parol agreement was competent to be proved with the other facts and circumstances in the case, as showing the intention of the landlord to discharge the lessees and rely upon new tenants. *Held further*, That it being established that the landlord had given up the lessee, and had nothing more to do with him, and treated the new occupant as his lessee, the lease was surrendered by operation of law as to the original lessees, and could not be enforced against them.

Where a Defendant is offered as a witness in an action prosecuted by the assignees of a deceased insolvent debtor, and he is permitted to testify without objection as to his competency as a witness, on the ground of the death of the Plaintiff's assignor, it is too late to interpose such objection afterwards, or to move to strike out the evidence. Such objection should be taken before the evidence is elicited. The conduct of a trial in this respect is so far within the discretion of the presiding Judge, that this Court will not interfere with his decisions.

This cause was referred to H. R. BIGELOW, Esq., who found

in favor of the Defendants below, Langley & Scales. Judgment was entered upon the report, and the Plaintiffs review by Writ of Error. The record contains an agreed case, and the facts found are stated in the opinion of the Court.

Points and Authorities of Plaintiffs in Error.

The referee erred in admitting the testimony of Langley, folio 8, and of Sargeant, folio 12, and of Eaton, folio 15. The transaction to which the testimony related, to wit, the assignment of the lease, &c., having been reduced to writing, and the writing being in evidence, it was incompetent to offer parol testimony in explanation of it, or to show the understanding or object of the parties in the matter.

It was also incompetent, as attempting to show a surrender of the lease by parol, contrary to *sec.* 6, *chap.* 49, *p. 457 of the Compiled Statutes.* For the law upon the surrender of a lease, see the case of *Schieffelin vs. Carpenter,* 15 *Wend.,* 400, and *Rowan vs. Lytle,* 11 *Wend.,* 617.

The referee erred in admitting the testimony of Sargeant, folios 13 and 14, relative to an understanding with Randall as to the Locke note. The witness was a party to the alleged contract with Randall, relative to which he was testifying, and being an assignee of the lease, he was interested in the event of the suit, and was therefore testifying in his own favor, which he should not be allowed to do, Randall being dead. *See Session Laws of* 1861, *p.* 147 *and* 148.

Points and Authorities of Defendants in Error.

I.—The testimony of Langley, Sargeant and Eaton, folios 8, 12 and 15, neither contradicted the assignment nor added to nor took away from it one term or condition. It simply proved another contract between different parties. *Greenleaf on Ev.,* 1 *vol., secs.* 275, 284.

II.—By the *General Law,* 1861, *p.* 146, 147, amended 1862, *p.* 96, 97—if it can be construed to have a retroactive operation at all—"*nova constitutio futuris formam debet imponere, non praeteritis.*" 7 *J. R.,* 477, 485, 500; 2 *Show.,*17; *Smith's*

*Com. sec.* 517. Langley was not a competent witness in this case for any purpose. So the referee thought; but as the objection came after the testimony was in, it was too late. *Greenleaf on Ev.*, 1 *vol.*, *sec.* 421. And the motion to strike out the testimony of a witness merely because he is incompetent, if ever proper, is so only when made as soon as the fact creating the incompetency appears. In this case Randall's death had been shown by a former witness, as the case shows, and the attorney knew it long before. The statute should at least have a strict construction, and be confined in its operation to parties to the action.

The propriety of Eaton's testimony is disposed of under our first point.

The Defendant's amendments to the case show that competent evidence without rebuttal was given upon all the points covered by that to which objection is made. Every intendment will be made in favor of the finding. 10 *Iowa*, 340. And if incompetent evidence has been improperly admitted, yet the judgment will not be reversed unless such error may have controlled the finding. In this case, since other competent evidence was put in, and there was no rebutting evidence, nor conflict of evidence, the Plaintiff has not been injured, and the supposed error was mere damage without injury. 22 *N. Y.*, 420. If there had been any conflict of evidence it would be otherwise.

III.—We admit there was not a technical surrender, a yielding up of the terms to him that has the reversion. But if a lessee assign his term and the lessor gave him a release or bond of indemnity against the covenants of the lease, or a covenant never to sue, &c., the estate is gone, and the bond, release, &c., would be a complete bar to any action on the lease. We think in such a case is a surrender by " act or operation of law," or better, a substitution of tenants. That is this case. 2 *Douglass*, (*Mich.*) 101; 1 *Parsons on Cont.*, 428; 17 *Ohio*, 449; *Cro. Eliz.*, 715; 2 *Barb.*, 180; 8 *Vt.*, 270; 1 *Sandf. N. Y.*, 5; and as to a discharge or waiver of obligation by parol—*Chitty on Cont.*, 742; 9 *Pick.*, 298; 7 *Cow.*, 48, 50; 2 *John. Ch. R.*, 416; 14 *John. R.*, 330; 21 *Wend.*, 628; 17 *Vez.*, 356; *Greenl. on Ev.*, 1 *vol.*, *sec.* 302, *notices*,

*&c.* This case, then, comes within the intent and spirit and principle of the proviso of the statute, " by act or operation of law." That is, the act of the parties to the lease *or* (not and) the circumstances of the case are such as to discharge all mutual obligations upon the lease, by virtue of general principles of law.

SMITH & GILMAN, Counsel for Plaintiffs in Error.

BRISBIN & WARNER, Counsel for Defendants in Error.

*By the Court*—FLANDRAU, J.—This case discloses the following facts :   William H. Randall being the owner of certain lands in the city of St. Paul, did, on the 12th day of July, 1856, lease the same by deed to Defendants Langley and Scales, for the term of ten years, for certain stipulated rents. Which lease contained a clause forbidding the lessees to assign the lease, or underlet the premises, or any part thereof, without the written consent of the lessor.  On the 19th of June, 1857, the lessees assigned the lease to Lamar & Sargent, with the written consent of Randall, given as follows :   " I hereby consent to the within transfer of lease, and waive all my rights of forfeiture of the same accruing to us by any default of Wm. B. Langley and Joseph Scales, to the covenants herein contained ;" which consent was signed, sealed and witnessed on the 19th of June, 1857.   On the 8th of October, 1857, Randall made a general assignment for the benefit of his creditors to the Plaintiffs, which passed the land in question ; which assignment was duly recorded on the following day.   On the assignment of the lease, Lamar & Sargent went into possession of the premises, and from that time Randall treated them as his tenants of the said premises, charging the rent thereof .to them on his books, and crediting them on his books with moneys to balance.   The Defendants have never been in possession of the premises since, nor has any rent ever been demanded of them prior to the commencement of this action.   On the 8th day of October, 1857, Randall agreed with Sargent & Lamar, that if they would take up and hold a note of $1,030, bearing interest at the rate of five

per cent. per month, made by said Randall on the 20th day of July, 1857, and payable to the order of Oliver S. Locke, in thirty days, and then owned by said Locke, the interest thereof, so long as the said Randall should fail to pay the principal, should offset and operate as in full payment of the rent and taxes accruing meanwhile upon the said demised premises. Lamar & Sargent took up the note and paid Locke the amount thereof. Sargent afterwards sold out his interes in the lease and the Locke note to Lamar, who now holds the whole thereof, Randall never having paid anything on the note. The assignees of Randall prosecute this action against Langley and Scales, to recover the rent due upon the original lease to them.

The Defendants claim, that at the time of the assignment of the lease by them to Lamar & Sargent, a parol agreement was made between the Defendants, Randall, Lamar and Sargent, that the Defendants should thenceforth be discharged from all liability upon the lease to said Randall, his heirs or assigns, and that the said Lamar & Sargent should be substituted in the place of the Defendants as the tenants of Randall. The Defendant, Langley, was called, and under an objection from the Plaintiff's counsel, that the testimony was incompetent, irrelevant and immaterial, which was overruled, testified substantially to such an agreement between the parties at the time of the execution of the assignment of the lease. After this evidence had been thus elicited, the counsel for the Plaintiff interposed the further objection to evidence of this agreement, that Randall was now dead. The referee overruled the objection as having been made too late. In this decision we think he was clearly right. The Plaintiff's counsel could waive his right to object to the evidence of his adversary on the ground of the decease of the Plaintiff's assignor, and we think he did so by delaying to assert it until after the witness had been allowed to testify, and more particularly so as he made objections specifically upon other grounds, which were directed to the admissibility of the testimony offered, and not the competency of the witness by whom it was sought to be proved.

The same answer will apply to the motion subsequently

made by the Plaintiffs to strike out the evidence of Langley upon this point.

The same objections were interposed to the evidence of the witness, Sargent, touching the parol contract made at the time of the assignment of the lease, and the taking up of the Locke note. Sargent not being a party to the suit, and a disinterested witness, the · death of Randall did not affect his competency. The objection made to the evidence of Eaton on the same subject will be dicussed in considering whether this evidence was admissible at all.

The Defendants insist that the facts proven make out a surrender of the lease, by operation of law, so far as Langley and Scales are concerned. Such a surrender is not included in the statute of frauds, but is expressly excluded therefrom, and may arise from any condition of facts incompatible with the existence of the relation of landlord and tenant between the parties, voluntarily assumed. One mode of creating such a surrender, and perhaps the most common and frequent one, is, the acceptance by the landlord of a third party as his tenant. The mere act of receiving rent from the assignee of a lease in possession, will not operate as a surrender of the lease as to the lessee, because such a payment will be *prima facie* evidence only of the acceptance of rent paid by the lessee through as agent. 1 *Parsons on Contracts*, 429 ; *Title "of Surrender of leases by operation of law."* But, says the same author, " if this presumption be rebutted by facts going to show that the landlord had given up the lessee, and had nothing more to do with him, and treated the new occupant as his lessee, this will amount to a surrender. For the landlord cannot hold both as his lessees." See *cases cited in note "h,"* 1 *Parsons on Contracts*, 429, *3d ed.* The facts going to show that the landlord has given up the lessee, and treated the new occupant as his lessee, may be established by parol, otherwise no question could arise. A formal declaration to that effect by deed, would, of course, cut off and silence all inquiry. See also *Taylor's Landlord and Tenant, p.* 360, *sec.* 512 ; *Smith vs. Niver,* 2 *Barb., Sup. Ct. Rep.,* 180 ; *Schieffelin vs. Carpenter et als.,* 15 *Wend.,* 400 ; *Latimore and others vs. Harson,* 14 *John.,* 330 ; *Allen vs. Jaquish,* 21 *Wend.,* 628. The

SAINT PAUL, MINNESOTA, JAN., 1863.    113

parol agreement entered into at the time of the assignment of the lease was not offered to vary or contradict any of the writings that were executed on that occasion, and has no such effect. The writings were the assignment, and the consent thereto by the landlord. These instruments in no way changed the relation between Randall and his original lessees; but, as we have shown, it was competent for the parties, by their acts, and without writing, to operate a surrender of the lease as to Langley and Scales. The Defendants might have rested their case upon the subsequent acts of Randall, and Lamar and Sargent, as showing a complete acceptance of the latter as the tenants of the former, as they certainly present a very strong case to that end. But when the inquiry is to ascertain whether such was the intention of the parties, and such intention may be evidenced by parol, a previous agreement that the parties should do just as they did, seems very pertinent and conclusive. We can see no error in allowing proof of the parol agreement.

The judgment must be affirmed.