The only question presented in the case is, in regard to the power of the defendant, through its common council, to order the second assessment for the completion of the sewer. It is claimed, on the part of the plaintiffs, that the common council having once determined the expense of the sewer and made an assessment to meet such expense — and also secured the construction and completion of the work by contract, with security for its performance, for the sum thus assessed — had spent all their power, and could not, while the contract was still in force, make an additional allowance and a further assessment for the completion of the same work by the same contractor. By the charter of the city of Buffalo (Sess. Laws of 1856, p. 143, § 19), it is provided that "the common council may cause sewers to be constructed and repaired; that they shall determine the amount to be assessed for such improvement, and direct the city assessors to assess the amount so fixed." By section 20, it is provided that the amount shall be assessed upon the parcels of land to be benefited by the improvement; and by section 32 it is provided, that in case the assessment shall prove insufficient to defray the expense of the improvement, the common council may direct a further assessment for the amount of the deficiency. *Page 218 
Here the power is given by the express terms of the charter, to make a further assessment in case the first should prove insufficient to defray the expense of the improvement. The fact is established by the finding and decision of the judge, that the first assessment was insufficient to defray the expense of the improvement, and that both assessments together were insufficient to defray the actual cost of the work. It is contended, however, by the appellants, that the expense must be construed to mean the contract price, and nothing else; and that, inasmuch as the completion of the entire work was secured by contract, for the amount of the first assessment, there could be no insufficiency. But the first contract was not the one under which the work was done. It was commenced under the first contract, but was continued and completed under a new contract, which provided for the payment of an amount equal to both assessments. According to the contract, therefore, under which the work was carried on to completion, the first assessment was clearly insufficient to defray the expense, even if the contract price is to control entirely in the matter of expense. That the last contract between the defendant and Randolph was, under the circumstances, not only eminently just and equitable, but valid and binding in law, admits of no doubt whatever. An unexpected obstacle had been discovered, greatly increasing the expense of the work, which was not within the knowledge or contemplation of either party when the contract was entered into. The contractor, finding that the contract price must prove wholly inadequate on account of this hidden and wholly unforeseen obstacle, quitted the work and declined to proceed further without additional compensation. It was under these circumstances that the new agreement, providing for the additional compensation, was made; and the law will uphold it. (Munroe v. Perkins, 9 Pick. 298; Lattimore v.Harsen, 14 Johns. 330; Hart v. Lauman, 29 Barb. 410.) The new contract operated as a waiver of the obligations imposed upon the *Page 219 
contractor by the first contract. When he refused to proceed under the first contract, it was optional with the defendant either to prosecute him for non-performance or waive that right and make a new agreement on a more just and equitable basis. The defendant wisely, as I think, chose the latter. It is not true, as the plaintiffs' counsel insists, that the defendant was bound to pursue the contractor for a breach, and exhaust the legal remedy in that direction before a new assessment could be made. The court will not put a construction so unreasonable upon the power granted in the charter as to compel the defendant to do injustice to its employees and act oppressively. The additional compensation agreed upon was in no sense a gratuity, but strictly a compensation, and as such it was inadequate, as the judge expressly finds. That the defendant, through the common council, had power to abrogate, waive or modify the contract after it was entered into, or make an entirely new one, for the purpose of securing the completion of the improvement, can scarcely admit of a question. The defendant being a party competent to enter into a contract for such a purpose, has necessarily full power over the contract to cancel, alter or waive its provisions, as circumstances may require, to effect the end in view, unless its powers are limited and restricted in those particulars. There is no pretense that they are thus limited and restricted by any terms in the charter. The power to cause such improvements to be made, and to order the necessary assessments to defray the expense of making them, is full and ample, and it has been exercised for that purpose and no other in the present case. The second assessment was, therefore, equally valid with the first, and the judgment of the general term, reversing the judgment, should be affirmed.
MULLIN, J., also read an opinion in favor of affirmance. All the other judges concurring, Judgment affirmed. *Page 220