Keeney *v.* Mason.

---◆---

## KEENEY *vs.* MASON.

In February, 1864, the plaintiff and defendant entered into a written agreement, by which the former agreed to deliver, at a railroad station, a quantity of lumber, and the latter agreed to pay a specified price for such lumber, on delivery. In pursuance of this agreement, the plaintiff transported and deposited at the place of delivery a quantity of lumber, but it was not measured or inspected, and the defendant was not there to receive it and to make payment. On the 6th of September, the parties met and examined the lumber, when the plaintiff, by reason of the defendant's delay in receiving and

Keeney *v.* Mason,

paying for the lumber, refused to deliver it, upon the contract. The parties then entered into another contract for the sale of the lumber, whereby the defendant agreed to pay, and the plaintiff agreed to receive, an enhanced price for such lumber, and for the purchase and sale of other lumber.

*Held* that the new contract was not a parol alteration of the former written contract, but it was in substance and effect a new contract in lieu of the former one which the plaintiff refused to perform; and that it was valid, and would support an action.

*Held, also,* that such new contract having been *executed,* by the delivery of lumber upon it, and the payment of money, by the defendant, and a promise to pay the balance, it was too late for him to recede from it, or to object to its validity.

APPEAL from a judgment entered upon the report of a referee. The action was brought to recover a balance due for the value of lumber sold by the plaintiff to the defendant ; and also a small demand for services rendered by one D. L. Aiken for the defendant, assigned to the plaintiff. The complaint alleges a general indebtedness. The answer contains a general denial and a counter-claim. The defendant claims that the lumber in question was delivered pursuant to a written contract under seal, and that he has paid the full value of the same, at the prices fixed by the contract, while the plaintiff insists that the written contract was modified by an increase of price amounting to two dollars per thousand feet, and that at the enhanced prices there is a balance due him.

The referee found the following facts :

1st. That on the 24th day of February, 1864, the plaintiff and defendant entered into an agreement, under their respective hands and seals, whereby the plaintiff agreed to deliver on the railroad, at Tioga station, one hundred thousand feet of white pine and Norway lumber, and fifty to one hundred thousand feet of ash, as soon after spring sawing as said lumber was sufficiently seasoned to draw, and that said defendant agreed to pay, upon the delivery of said lumber at the railroad, $15 per thousand for the white pine and Norway, and $18 per thousand for all the ash.

2d. That in pursuance of the said greement, the plaintiff

delivered at the said Tioga station, during the months of May, June and July, 1864, 98,994 feet of Norway and white pine lumber, and 44,483 feet of ash. And that all of such lumber was so delivered some six or seven weeks prior to the 6th day of September, 1864, but had not yet been inspected or measured; nor had said defendant paid in full for the same.

3d. That on the 6th day of September, 1864, the defendant not having paid for said lumber as provided in said contract, and the same not then having been measured or inspected, or the quantity thereof ascertained, the said plaintiff and defendant made and entered into another contract for the sale of said lumber, whereby the defendant agreed to pay, and said plaintiff to receive, $17 per thousand for the white pine and Norway, and $20 per thousand for the ash.

4th. That on the said 6th day of September the said defendant bought of the plaintiff, and the plaintiff sold to the defendant, a quantity of cherry, oak and basswood lumber, at the agreed price of $30 per thousand for the cherry, $24 per thousand for the oak, and $17 per thousand for the basswood.

5th. That afterwards, the said white pine, Norway, cherry, oak, and basswood lumber was inspected, measured, and delivered to said defendant, and that the quantity of the respective kinds, and the prices thereof, was as particularly specified in said report: The whole price amounting to $2791.96.

6th. That on the 13th day of September, 1864, the said defendant was indebted to David S. Atkin in the sum of $22.50 for the services of said Atkin, rendered to said defendant at his request for measuring and inspecting a quantity of lumber, and that on or about the 16th day of June, 1865, the said Atkin sold and assigned said claim to the plaintiff, and that thereupon the plaintiff became and is entitled to recover said sum from the defendant.

7th. That the defendant has paid on account of the price

of said lumber $2600. On March 8, 1864, $400 ; on May 1, 1864, $400 ; on September 6, 1864, $1000 ; and on October 4, 1864, $800 ; and there was due to said plaintiff from said defendant on October 4, 1864, the sum or balance of $214.26, with interest from that date, over and above all payments made thereon.

8th. That after allowing to the defendant interest on the payments of $400, made prior to September 6, 1864, and charging him with interest on the balance remaining unpaid on the 4th day of October, from that date there was due from the defendant to the plaintiff, at the date of the report, the sum of $212.14.

And the referee found as a conlusion of law, that the defendant owed to the plaintiff the said sum of $212.14 at the date of the report, for which sum the plaintiff was entitled to judgment against said defendant, with costs.

The defendant appealed.

*Geo. T. Spencer,* for the appellant.

*Bradley & Kendall,* for the respondent.

*By the Court,* E. DARWIN SMITH, J. The referee, I think, disposed of this case correctly. The property in the lumber, notwithstanding its delivery at the Tioga railroad station, remained the property of the plaintiff. It was not delivered to the defendant, on or before the 6th of September. It was simply transported to, and deposited at the place of delivery ; but it was not measured or inspected, and the defendant was not there to receive it and to make payment, and the title to the property was not to vest until payment. By the terms of the contract of the 24th of February, the defendant was to pay for the lumber upon delivery. When, therefore, the parties met and examined the lumber, on the 6th of September, six or seven weeks after the property had been so depos-

ited at the said railroad station, the plaintiff had the right to take the ground that by reason of the defendant's delay in receiving and paying for the lumber, he would not deliver it upon the contract. This he did, and the parties then, as the referee finds, and, I think, properly, entered into another contract for the sale of said lumber, whereby the defendant agreed to pay, and the plaintiff agreed to receive an enhanced price for the lumber previously contracted for, and for the purchase and sale of other lumber. This new contract was perfectly valid. It was not a parol alteration of the former written contract, but it was in substance and effect a new contract in lieu of the former one which the plaintiff refused to perform. Such new contract can be upheld, within the cases of *Meech* v. *The City of Buffalo*, (29 *N. Y. Rep.* 218 ;) *Munroe* v. *Perkins*, (9 *Pick.* 298 ;) *Lattimore* v. *Harsen*, (14 *John.* 330 ;) and *Hart* v. *Lauman*, (29 *Barb.* 410.)

Besides, the new contract was executed. The plaintiff delivered the lumber upon it, and the defendant paid thereupon $800, October 4, thereafter, and promised to pay the balance. After this affirmation of the new contract, it was too late for the defendant to recede from it, or object to it. If the referee was correct in finding that the parties made a new contract, and that the lumber was delivered and accepted upon this new contract, he clearly was not bound to find, as requested, that the said lumber was delivered under the former contract ; or that any new consideration for the promise to pay the additional price for such lumber was necessary ; or that said new agreement was without consideration and void ; and the exceptions for his refusal so to find and decide are untenable.

None of the exceptions taken in the case, I think, are well taken.

The judgment should be affirmed.

Judgment affirmed.

[MONROE GENERAL TERM, March 4, 1867. *Welles, E. D. Smith* and *Johnson*, Justices.]