EDWARD BLAKE & another, Executors, *vs.* ALBERT SANDERSON.

The assignee of a lease, who enters upon and occupies the premises, is estopped, in an action for rent brought against him by the original lessor, to deny the validity of the assignment from the original lessee to him; and is liable to the lessor for the rent during the whole term, although he leaves the premises before the expiration thereof.

On the trial of an action brought by a lessor against his lessee for a quarter's rent, there was evidence that the lessee, before the expiration of the quarter, left the premises, and authorized the plaintiff to enter, and fit them for a new tenant; the judge instructed the jury that, in case they found a contract to apportion the rent, they might apportion it accordingly; and the jury returned a verdict for the plaintiff for a portion of the quarter's rent. *Held*, that the defendant had no ground of exception to this instruction.

ACTION OF CONTRACT, brought by the executors and trustees under the will of Sarah Blake, against the assignee of a written lease for four years and six months of a certain shop and cellar in Cambridge Street, made by the plaintiffs to Henry Hildreth on the 1st of March 1848, and alleged in the declaration to have been assigned by Hildreth to the defendant with the approbation of the plaintiffs, to recover the sum of $81.25, for the rent of the quarter ending on the 1st of March 1851. The declaration also alleged that Hildreth paid all the rent which became due under the lease previous to the 1st of March 1849; and that the defendant paid the rent which became due from that time until the 1st of September 1850.

The defendant, in his answer, denied that he owed the plaintiffs the quarter's rent sued for, and denied that the lease referred to was ever duly assigned to the defendant with the approbation of the plaintiffs, or that he occupied or improved the premises for any part of the quarter ending on the 1st of March 1851, and alleged that the plaintiffs were-in possession of the premises and making repairs thereon previous to the expiration of said

quarter, and so evicted the defendant from the premises, if he had any rights there during said term.

The plaintiffs, in their replication, denied that they evicted the defendant from the premises; and admitted that on or about the 8th of February 1851, they commenced making certain repairs and alterations in said premises, with the license and permission of the defendant. And they alleged that the defendant permitted them to occupy the premises in order to fit the same for a new tenant; and expressly agreed that such occupation should be without prejudice to his responsibility, if liable under such assignment; and they alleged that in consequence of making said repairs and alterations they were able to obtain a new tenant for the premises, whose rent commenced at the expiration of the quarter, for the recovery of the rent for which this action was commenced. And they further alleged that on the 30th of November 1850, the defendant gave them notice in writing that said premises were at their disposal; to which they replied, under date of the 2d of December, that they should hold him liable under said assignment, and would accept of a satisfactory tenant in his place.

At the trial in the court of common pleas, before *Bishop*, J. the plaintiffs gave in evidence a lease of the premises from themselves to Henry Hildreth for four years and six months from the first of March 1848, at a yearly rent of three hundred and twenty five dollars, payable in quarterly payments. By the terms of this lease, the lessee promised not to " lease nor underlet, nor permit any other person or persons to occupy or improve the premises, nor make, or suffer to be made, any alteration thereon, but with the approbation of the lessors thereto in writing having been first obtained." On the back of this lease was the following assignment: " Know all men by these presents, that I, the within named Henry Hildreth, for value received, do hereby assign, transfer and set over to Albert Sanderson the within lease, and all my right under the same, he to pay the rent and taxes from this date. Witness my hand and seal this first day of March A. D. 1849.

In presence of Edward Blake,    Henry Hildreth,    (Seal.) "
assenting to the assignment.

The plaintiffs also introduced evidence, tending to show that the lease and assignment were duly executed by the parties purporting to have executed them; that Hildreth occupied the premises under the lease, paying the rent until the 1st of March 1849; and that from that date until the 30th of November 1850, the defendant occupied, and paid the rent to the plaintiff Blake, who made out the bills to the defendant, and signed receipts for the rent, in this form: "Edward Blake, for self and Richard Robins, Executors, &c."

The defendant gave evidence tending to show that he vacated the premises before the 30th of November 1850, and on that day gave the plaintiffs notice in writing, that he had vacated the premises, and that the same were at their disposal; and also evidence tending to show that the plaintiffs took possession of the premises during the quarter, for the rent of which this action was brought, and made alterations, and evicted the defendant.

The plaintiff, to rebut this evidence, put in testimony tending to show a verbal license from the defendant to enter and make these repairs; and that the plaintiffs replied, under date of the 2d of December 1850, to the defendant's notice of the 30th of November, notifying him that they should hold him for the rent reserved in the lease.

The defendant objected to the validity of the assignment, on the ground that it was not assented to by both the lessors, and contended further, that the defendant, under the assignment, was only liable for the rent of the premises while he was actually occupying or holding them; that if the jury found that there was an eviction of the defendant during the quarter in question, then they must find generally for the defendant; but if there was no eviction, the verdict must be for the plaintiff for the whole quarter's rent.

The judge instructed the jury, that if they found that the assignment of the lease relied upon was duly made by Hildreth to Sanderson, and Sanderson entered and occupied under it and paid rent to Blake, then the assignment was valid, and Sanderson, by force of the assignment, became owner of the leasehold estate for the residue of the term, and entitled to all the benefits

of the lease, and liable on all its agreements and covenants, and so liable for the quarter's rent sued for, unless he was evicted by the plaintiffs; and that if the plaintiffs entered under a verbal license from the defendant, then it would be no eviction.

The plaintiffs contended, that there was evidence showing that the parties contracted for an apportionment of the rent, and, without objection, so argued to the jury; and the court instructed the jury, that in case they found any contract to apportion the rent, they might apportion it according to such contract. The jury returned a verdict for the plaintiff for $56.01.

The objection was not raised on the trial, that the plaintiffs had not declared upon a contract of apportionment of rent, or that no issue in relation thereto arose upon the pleadings. After verdict, and upon motion for a new trial, such objections were raised and overruled.

The defendant alleged exceptions to the rulings of the judge.

*F. W. Sawyer*, for the defendant.

*E. Blake*, for the plaintiffs.

THOMAS, J. This action of contract is brought to recover of the defendant, as assignee of a lease, the rent of a shop on Cambridge Street from December 1st 1850 to March 1st 1851. The defendant says that there was no valid assignment of the lease, because by the terms of the lease no valid assignment could be made without the assent in writing of the lessors; and that assent was given only by Edward Blake, one of the lessors. The defendant entered under the assignment, and occupied the premises, and is clearly estopped to deny its validity. It was a condition for the benefit of the lessors, which they might waive, and did waive by recognizing the assignee as their tenant and receiving rent of him as such. By such assignment and acceptance of the lease, the defendant is bound to the performance of its conditions; and his liability for rent is to be governed by the terms of the lease, and not restricted to actual occupation.

The defendant further objects to the ruling of the presiding judge, that if the jury found a contract of the parties to apportion the rent, they might apportion it accordingly, on the ground

that there was no issue as to apportionment made. The plaintiffs sue for a quarter's rent, and recover rent for a less time. *Omne majus continet in se minus.* Beyond this, the point is not open; for it appears by the bill of exceptions, that the objection was not taken at the trial, though the question of apportionment was raised by the plaintiff's counsel, and argued to the jury and this upon evidence tending to show a license from the defendant to the plaintiffs to enter upon the premises before the expiration of the quarter, and fit them for a new tenant. It is clear, that if the point had been taken, it would have been of no avail to the defendant.　　*Exceptions overruled.*