EDWARD W. BOWEN *vs.* WILLIAM E. HASKELL *et al.*

Argued May 11, 1893.		Affirmed June 12, 1893.

**Lessee Released from Liability for Rent by Lessor's Consent to Assignment.**

A surrender of a lease by operation of law may arise from any condition of facts, voluntarily assumed, incompatible with the existence of the relation of landlord and tenant between the parties; as, for instance, where a new tenant has, by agreement with the landlord, been substituted and accepted in place of the old.

Appeal by plaintiff, Edward W. Bowen, from an order of the District Court of Hennepin County, *Chas. M. Pond*, J., made December 2, 1892, denying his motion for a new trial.

On March 20, 1890, Malinda Hellen leased to M. Whipple and H. W. Field lots nineteen (19) and twenty (20) in block one (1) in Stillmans' Addition to Minneapolis, for the term of ten years from that date. The lessees agreed to pay $75 rent per month, payable monthly in advance. The premises were used for a livery barn No. 2815 Nicollet Avenue. On August 15, 1890, Whipple and Field assigned the lease and all their rights thereunder to the defendant William E. Haskell, and he, by writing indorsed upon the assignment, assumed their place and agreed to pay the rent and perform all the conditions of the lease on their part. Mrs. Hellen, by an indorsement on this assignment, assented and agreed thereto. On October 15, 1890, Haskell sold and assigned the lease, and all his rights under it, to M. Chambers, who, by writing indorsed on the assignment, assumed to pay the rent and perform the covenants of the lease in the place and stead of Haskell. Mrs. Hellen, by a like indorsement, assented and agreed to this assignment also. Chambers paid the rent to February, 1891. On May 5, 1891, Mrs. Hellen assigned and transferred the rent and all her rights, to the plaintiff, Edward W. Bowen, and he commenced this action February 28, 1892, against Whipple, Field and Haskell to recover the rent which fell due February 1, 1891, and monthly thereafter. Whipple and Field did not answer, but Haskell answered that the lease was, as to him, surrendered by the operation of his assignment to Chambers and Mrs.

Hellen's consent thereto. The issues were tried May 22, 1892. The court made and filed findings stating these facts, and directed judgment to be entered to the effect that plaintiff was not entitled to any judgment or relief in the premises. He moved for a new trial, but was refused.

*J. L. Dobbin,* for appellant.

Haskell made himself liable for all rents accruing subsequent to the time of the assignment to him. Upon the failure of any subsequent occupant or assignee of his to pay rent to the original lessor, or her assignee, Haskell was liable, and any evidence as to when or how he vacated the premises was irrelevant. Under our view of the case, the acceptance of rent from Chambers, or any one else, would not release Haskell from the liability which he assumed at the time of accepting the assignment from Whipple and Field and making his indorsement on the lease. *Davis* v. *Morris,* 36 N. Y. 569; *Pfaff* v. *Golden,* 126 Mass. 402; 2 Wood, L. & T. 1034.

*Chas. G. Laybourn* and *Kellogg & Laybourn,* for respondent.

The assignment by Haskell to Chambers, by consent of Hellen, released Haskell. *Vandekar* v. *Reeves,* 40 Hun, 434; *Bliss* v. *Gardner,* 2 Bradw. App. 422; *Randall* v. *Rich,* 11 Mass. 494; *Levering* v. *Langley,* 8 Minn. 107, (Gil. 82;) *Smith* v. *Niver,* 2 Barb. 180; *Wallace* v. *Kennelly,* 47 N. J. Law, 242; Woodfall, L. & T. 496, 498.

An assignee of a lease may always discharge himself for subsequent breaches, both as regards the payment of rent and other covenants, by assigning over, even if it be done for the express purpose of getting rid of his responsibility. Taylor, L. & T. §§ 452, 453; *Armstrong* v. *Wheeler,* 9 Cowen, 88; *Hurst* v. *Rodney,* 1 Wash. C. C. 375; *Keeling* v. *Morrice,* 12 Mod. R. 371; *Childs* v. *Clark,* 3 Barb. Ch. 52; *Valliant* v. *Dodemede,* 2 Atk. 546; *Johnson* v. *Sherman,* 15 Cal. 287.

COLLINS, J. We pass by several questions discussed by counsel, and came directly to the consideration of a finding of fact to the effect that after the lease had been assigned to the re-

spondent· Haskell by the original lessees, the lessors consenting, through their agent and attorney in fact, B. H. Hellen, said respondent sold and transferred all of his title and interest in the lease and in the leased premises to one Chambers, who then entered into possession; that said sale and transfer were duly and properly con sented to by the lessors, again acting through their agent and attorney; that they accepted Chambers as their tenant under the lease, in the place of respondent Haskell; that they collected the stipulated rental from Chambers for several months; that respondent never thereafter occupied the premises, and was not called upon to pay rent thereon. This finding, and the sufficiency of the evidence to support it, is not questioned by any of appellant's assignments of error, although the admissibility of certain testimony relative to the sale and transfer by Haskell to Chambers is brought in question by the third assignment. But, even if the trial court erred in its rulings respecting the admissibility of this testimony,—and of that hereafter,—we fail to see how appellant could be benefited, or how he could escape from the conclusive effect of such a finding.

When the original lessors voluntarily consented to an assignment of the lease by the original lessees to Haskell, the lessees were released, and the relation of landlord and tenant no longer existed between the parties. Again, when the original lessors consented to a sale and transfer of all rights and interest which Haskell had acquired under the lease,—an assignment of it, practically,—to Chambers, and accepted the latter as their tenant in lieu of Haskell, the relations which had theretofore existed between the latter and his landlords terminated. There was a surrender of the lease held by Haskell, by operation of law, arising from a condition of facts voluntarily assumed, incompatible with the existence of the relation of landlord and tenant between the parties. The landlords could not be permitted to hold both Haskell and Chambers as lessees; and the facts going to show that a lessor has given up a lessee, and has had nothing more to do with him, and has treated a new occupant as his lessee, may be established by parol. *Levering* v. *Langley*, 8 Minn. 107, (Gil. 82;) Woodf. Landl. & Ten. 496, 498.

Appellant's counsel urges that because Haskell agreed, in writing, to pay the rent when the lease was assigned to him, he was some-

thing more than a tenant by assignment. When executing the writing, Haskell formally assumed the liability, as to the payment of the agreed rental, of the original lessees; nothing more. He was in no sense a guarantor. No obligation rested upon the lessors to discharge and release either of these parties, but, having done so, they and this plaintiff, their assignee, are bound by their action.

The trial court did not err when making the rulings referred to in appellant's third assignment. There was no effort made by respondents' counsel to show by parol the contents of a written instrument. All of the questions objected to were propounded with a view of showing a fact only,—the fact that Haskell had assigned or transferred his leasehold interests.

Order affirmed.

VANDERBURGH, J., took no part.

(Opinion published 55 N. W. Rep. 629.)