PATTERSON ET AL. *v*. EMERICH.

[No. 2,648.    Filed February 21, 1899.]

LANDLORD AND TENANT.—*Abandonment of Premises.*—Where a tenant abandons the leased premises and repudiates the lease, the landlord is not compelled to take possession and attempt to lease the premises.   *pp. 615, 616.*

PARTIES.—*Landlord and Tenant.—Collection of Rents.*—Where by the terms of a lease the rent was to be paid to a certain bank and disbursed by it, an action for the rent was properly brought by the landlord, for herself and for the use of the bank as its interest might appear.   *p. 616.*

APPEAL AND ERROR.—*Waiver.*—Questions on appeal which are not discussed are deemed waived.   *p. 616.*

From the Miami Circuit Court.   *Affirmed.*

*De Witt C. Justice* and *Charles E. Cole,* **for** appellants.

*M. Winfield, E. T. Reasoner* and *John W. O'Hara,* for appellee.

ROBINSON, J.—Appellant leased from appellee certain premises, and, for his compliance with the terms of the lease on his part executed a bond, with his co-appellants as sureties.   The bond was conditioned that if appellant "shall well and truly observe and carry out the terms of said lease, and pay the rents as therein specified," then the bond to be void.   Suit was brought to recover certain rents, both the lease and the bond being made exhibits.

The first question discussed is the admission of certain evidence as to the value of attorney's fees.   Appellant agreed in the lease to pay certain rent and attorney's fees for the collection thereof.   The lease also provided that if suit was brought by the lessor for possession, appellant should be liable for attorney's fees in said action.   But this is not a suit for possession, nor is any condition attached to the pay-

ment of attorney's fees in the collection of rent. Appellant had expressly agreed in the lease to pay attorney's fees, and the bond secured the performance of the provisions of the lease by appellant.

The penalty named in the bond is $1,200, and, as against the sureties, this was the limit of liability. In a hypothetical question as to the value of attorney's fees, the amount stated to the witness as being involved was "between twelve and thirteen hundred dollars." As against the principal on the bond, the question was not open to objection. As against the sureties, the question should have limited the amount involved to the penalty of the bond. While the question was improper in that particular, yet, from the whole record, we cannot say that such error was committed as warrants a reversal of the case.

Complaint is next made of the court's refusal to give certain instructions to the effect that, upon the abandonment of the premises and the repudiation of the lease, it was the duty of appellee to take possession, and make the premises as remunerative as possible, and thus diminish as far as possible the loss accruing from appellant's breach of his contract, and that if the jury found that appellee might have used or leased the premises, but that she kept the building closed and made no effort to use or lease it, such facts might be considered in estimating the damages. It appears from the record that, when appellant abandoned the premises, he sent the keys to appellee, but that they were immediately returned to appellant, and that appellee had never received the keys since that time. It does not appear that appellant ever consented that appellee might surrender the lease. In a letter written a few days after the keys were received from appellant, and at the time the keys were returned, she notified appellant that she refused to cancel the lease,

and would hold appellant and his bondsmen for the rent. This she had the right to do. Appellant had no right to abandon his contract at his discretion. Appellee was not compelled to take possession, but she could stand upon the terms of the lease. It cannot be said that it was any part of her duty to take possession, and try to rent it, and make something out of it, after appellant abandoned it. So long as she complied with the terms of the lease, she had the right to look to appellant for the agreed rent during the life of the lease. There is evidence in the record that she had complied with the terms of the lease on her part, and the jury have determined that question in her favor. Appellee could have taken possession, and what her duties would have been under such circumstances it is not necessary to decide, because it appears that she refused possession, and chose to stand upon the contract of leasing. There was no error in refusing the instructions requested.

In the lease it was provided that the rent was to be paid to the cashier of the First National Bank of Peru, Indiana, as agent for the lessor; that he was to receipt for the money, and pay it out in a certain manner, set out in the lease. The suit was brought by appellee, "suing for herself and for the use and benefit of the First National Bank of Peru, Indiana, as its interests may appear." The suit was properly brought by the lessor for her own benefit and for the benefit of the party appearing on the face of the lease as having an interest. It is true, as argued, no use is created to the bank. The bank is simply named as agent of appellee, in the lease, to receive and pay out the rent for appellee. But it must be borne in mind that appellee did not sue alone in a representative capacity, but that she sued for her own benefit. The demurrer was properly overruled.

The other questions reserved have not been discussed by counsel, and are deemed waived. Judgment affirmed.