JOHN E. HAYCOCK v. ALFRED D. S. JOHNSTON.[1]

August 1, 1900.

Nos. 12,160—(117).[2]

## Description in Lease—Exclusion of Parol Evidence of Meaning.

A lease of real property containing the following description of the rented property: "The real property situate in the city of St. Paul, * * * described as follows: * * * Premises known as No. 771 Fairmount Avenue, together with all the appurtenances thereof. * * * This lease to cover the property that the house and barn stand on only,"—is considered, and it is *held*, that such description is not ambiguous, and that parol evidence tending to enlarge and extend it was properly excluded as incompetent by the trial court.

## Same—Constructive Eviction.

It appears that plaintiff leased to defendant the premises above described for the term of five years. This action was brought to recover rent due under the terms of the lease. Defendant interposed the defense that at the time the lease was executed, and as a part of that transaction, plaintiff specially agreed, by parol, not to erect a new dwelling within twenty-four feet of the rented building; that plaintiff violated such special agreement, erected a new building within fourteen feet, and thereby evicted defendant from a portion of the leased premises. *Held*, that evidence tending to prove the alleged parol special agreement was incompetent, as tending to vary and contradict the terms of the written lease.

[1] JOHN E. HAYCOCK v. ALFRED D. S. JOHNSTON.[2]

August 1, 1900.

Nos. 12,159—(231).

BROWN, J.

The questions presented in this case, with one exception, are identical with those presented and decided in the case of Haycock v. Johnston, and the result there must control here. The additional point made in this case is that plaintiff's cause of action should have been interposed by plaintiff as a counterclaim in an action brought by defendant against plaintiff to cancel the lease. The position is wholly untenable.

Order affirmed.

[2] Reported in 83 N. W. 494, 1118.

81 M.—4

**Evidence of Fraud.**

> Evidence examined and considered, and *held* insufficient to show that the lease was obtained by fraud.

Action in the district court for Ramsey county to recover $312.50 for rent. The case was tried before Brill, J., who directed a verdict in favor of plaintiff for the amount demanded. From an order denying a motion for a new trial, defendant appealed. Affirmed.

*Durment & Moore,* for appellant.

*C. D. & T. D. O'Brien,* for respondent.

BROWN, J.

This action is one to recover an amount claimed to be due as and for the rent of a dwelling house leased by plaintiff to defendant. The court below directed a verdict for plaintiff, and defendant appeals from an order denying a new trial.

The facts are as follows: On April 6, 1899, plaintiff was, and for some time prior thereto had been, the owner of a certain dwelling house situated upon land owned by him in the city of St. Paul, and on that day leased the same to defendant for the term of five years. Defendant took possession of the property and continued to occupy it until September, 1899, when he vacated the same for the reasons to be presently stated. He failed to pay the rent for the months of July, August, September, October, and November, and this action was brought to recover the same. The tract of land on which the dwelling stands extends a distance of ninety feet on Fairmount avenue, and the dwelling and barn, also included in the lease, stand on the westerly part of the tract. Immediately east of the house a driveway extends from the avenue to the rear of the premises, where the barn is located. All that portion of the tract of land east of the driveway was vacant and unoccupied at the time the lease was made. Before the execution of the lease, plaintiff informed defendant that he intended to erect another dwelling upon the unoccupied and vacant portion of the land; and in June following he caused the same to be erected, placing the same within fourteen feet of the one leased to defendant. It is the contention of defendant that plaintiff specially agreed not to construct or erect the new building nearer than twenty-four feet to the old one; that he violated this

agreement, erected the building within fourteen feet, and thereby evicted defendant from a part of the leased premises, which violation of said agreement relieved defendant from liability for the payment of rent. He also contends that plaintiff never intended to carry out such agreement, but fraudulently represented that he would do so, and thereby induced defendant to lease the premises. For this alleged fraud, he asks for a cancellation of the lease.

The defendant's whole defense is embodied in this alleged special or collateral agreement as to the erection of the new building. The theory of his counsel that the lease is indefinite and uncertain as to the extent of the tract of land covered and intended to be covered thereby is so clearly erroneous as to require no extended notice. The description of the leased property, as contained in the writing, is as follows:

"The real property situate in the city of St. Paul, county of Ramsey, and state of Minnesota, and described as follows; that is to say: Premises known as No. 771 Fairmount Avenue, together with all the appurtenances thereof. * * * This lease to cover the property that the house and barn stand on only."

This description is unambiguous and perfectly definite and clear. The property leased includes, and was intended by the parties to include, that portion of the tract of land in question upon which the house and barn stand, and that portion only. And the court below was right in excluding the evidence offered by defendant for the purpose of enlarging and extending the description. It follows from this that defendant's further contention to the effect that he was entitled to twenty-four feet of land on the east of the house, for use in connection therewith, is without foundation. It is not so conditioned in the lease. And, as the written contract cannot be enlarged by parol, his theory of eviction falls.

Neither is there any merit in the claim that the lease was obtained by fraud; that by reason of fraudulent representations on the part of plaintiff, at and before the execution of the lease, with respect to the location of the new building, defendant is entitled to a cancellation of the lease. All agreements and promises made and entered into by either party preliminary to and simultaneously with the execution of the lease, and with reference thereto, are conclusively

presumed to be embodied and contained in the written contract. In no proper view of the law can we construe the alleged collateral agreement with reference to the location of the new building to be or constitute a part or portion of the written lease. It should have been incorporated in the writing. As it was not, defendant is in no position to say that the contract as orally made included the collateral agreement, and that by reason of plaintiff's violation thereof he has been defrauded. There is no evidence tending in the least to show that defendant was induced to sign the writing by any false or fraudulent representations as to its contents. The evidence contains no suggestion that defendant could not read. In fact, it was conceded on the argument that he was engaged in the real-estate business, and was a person of good business education, capacity, and understanding. And, aside from this, we are aware of no rule or principle of law under which he can be permitted to enlarge his contract by adding thereto the alleged parol collateral agreement, and then have it cancelled and annulled for a violation of the parol provision so added. The court below was clearly right on this subject.

Whether the collateral agreement could have any validity as an independent contract, and whether for a violation thereof defendant would be entitled to such damages as usually follow the breach of a contract, are issues and questions not presented by the pleadings, and we do not consider them. Defendant's answer proceeds on the theory that he is entitled to have the lease cancelled and annulled, and not upon the claim that he is entitled to damages for the violation of the collateral agreement. No such damages were shown, or offered to be shown.

We have examined with care the questions decided, as well as all other questions raised by the assignments of error, and find no reason for reversing the order appealed from. The suggestion of counsel that plaintiff should have made an effort to re-rent the building after defendant surrendered possession has no foundation to support it. Plaintiff did not accept defendant's surrender of the property, and had no right to re-rent it. If he had accepted it back, and re-rented it to some other person, a rescission of the contract of

lease would have been thereby effected, and defendant wholly released from his obligation.

Order affirmed.