JOHN E. HAYCOCK v. ALFRED D. S. JOHNSTON.[1]

February 16, 1906.

Nos. 14,590—(186).

**Landlord and Tenant.**

The abandonment of leased premises by the tenant, and the re-entry and reletting of those premises by the landlord, operates as a rescission of a lease which contains no provision authorizing a re-entry upon default in its conditions without causing a forfeiture.

Action in the district court for Ramsey county to recover from defendant $422.50 damages for breach of the conditions of a written lease. In a former action between the parties plaintiff recovered from defendant the rent accrued subsequent to defendant's abandonment of the leased property. Thereafter, although the lease contained no clause authorizing re-entry, plaintiff leased the premises to other tenants for the unexpired term. This action was brought to recover the difference between the rent reserved under defendant's lease and the amount received from the reletting. The case was tried before Brill, J., who dismissed the action upon the close of plaintiff's testimony. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*C. D. & R. D. O'Brien,* for appellant.

*Durment & Moore,* for respondent.

JAGGARD, J.

In the previous decision of this case (Haycock v. Johnston, 81 Minn. 49, 83 N. W. 494, 1118) it was determined that the abandonment by the defendant and respondent here, of the premises leased to him by the plaintiff and appellant here, was not accepted, and a claim for rent accrued was there enforced against the defendant. The defendant there insisted that it was the duty of the plaintiff to have leased the house after he had abandoned it, for his benefit, and to apply the proceeds of rentals to reduce the damages for which the defendant was liable. Of that claim Brown, J., said: "Plaintiff did not accept

[1]Reported in 106 N. W. 304.

97 M.—19

the defendant's surrender of the property, and had no right to re-rent it. If he had accepted it back, and re-rented it to some other person, a rescission of the contract of lease would have been thereby effected, and defendant wholly released from his obligation." This is in exact accord with authority. Nelson v. Thompson, 23 Minn. 508; Bowen v. Haskell, 53 Minn. 480, 55 N. W. 629; Stern v. Thayer, 56 Minn. 93, 57 N. W. 329; Buckingham Apartment House Co. v. Dafoe, 78 Minn. 268, 80 N. W. 974; 18 Am. & Eng. Enc. (2d Ed.) 366; 4 Current Law, 401. Subsequently to that decision, although there was no provision in the lease authorizing a re-entry by the landlord on breach of its terms without working a forfeiture, the plaintiff entered upon possession of the premises, continued to occupy a small portion himself, and rented the rest for a time, exceeding the period of the lease to this defendant. This constituted an acceptance of the surrender of the premises and operated to cancel the lease, within the rule just stated.

The case of Smith v. Pendergast, 26 Minn. 318, 3 N. W. 978, much relied upon by the plaintiff, is not inconsistent with this view. There a surrender by operation of law is defined, in the language of Baron Parke, in Lyon v. Reed, 13 M. & W. 285, as follows: "This term is applied to cases where the owner of a particular estate has been a party to some act, the validity of which he is by law afterwards estopped from disputing, and which would not be valid if his particular estate had continued to exist." It is there held that, where it did not appear that the value of demised premises was impaired by a surrender of a portion of them, the landlord may recover the entire rent reserved, notwithstanding such partial surrender. In this case there is no question of a partial surrender; for, while the plaintiff used part of the premises himself, he leased all the rest to a person other than the defendant. No action for damages therefor lay for the breach of the terms of the lease, for it had been rescinded. There was no possible foundation for an action for the tort. Plaintiff therefore could not recover.

Order affirmed.