ladings in many cases had been frozen, and that the defendants, on such cars, were entitled to the additional time necessary in unloading the frozen shipments, for which no allowance had been made by the plaintiff. The trial court found that the defendants were entitled to an allowance of $2,442 on the amount sued for, because of the bunching of the cars in delivery. The plaintiff made no complaint of that allowance and did not appeal from that portion of the decision. The trial court also found that the defendants were entitled to an allowance of $2,208 on the amount sued for, because certain of the shipments had been frozen in transit. From this latter allowance the plaintiff appealed.

*Elbert N. Oakes* for appellant.
*Graham Witschief* for respondents.

Judgment affirmed, with costs; no opinion.
Concur: Hiscock, Ch. J., Hogan, McLaughlin, Crane and Andrews, JJ. Dissenting: Cardozo and Pound, JJ.

---

884 West End Avenue Corporation, Appellant, *v.* Robert Pearlman, Respondent.

*Landlord and tenant — lease — provision in lease for five years that upon default in payment of monthly installment of rent entire balance of rent reserved becomes due and payable unconscionble and in the nature of a penalty and unenforcible.*

*884 West End Avenue Corpn.* v. *Pearlman,* 201 App. Div. 12, affirmed.

(Argued October 19, 1922; decided November 21, 1922.)

Appeal, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered June 28, 1922, unanimously affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term. The action was for rent under a lease for a term of five years commencing October 1, 1920. The complaint alleged non-payment of the monthly installment of rent due for the month of January, 1921, and that because

of defendant's default the entire balance of rent reserved became due and payable under a clause in the lease, and demanded judgment for the amount thereof. The trial court held that the clause in question was unconscionable and in the nature of a penalty and, therefore, unenforcible.

*Melville H. Cane* and *William B. Symmes, Jr.*, for appellant.

*Joseph Force Crater* and *Louis B. Brodsky* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.

---

GEORGE SEAVER, Appellant, *v.* DIRECTOR-GENERAL OF RAILROADS, Respondent.

*Negligence — master and servant — railroads — interstate commerce — employee of railroad engaged in excavation for purpose of replacement of turntable by new and larger one not engaged in interstate commerce.*

*Seaver v. Payne*, 198 App. Div. 423, affirmed.

(Argued October 20, 1922; decided November 21, 1922.)

APPEAL from a judgment entered November 25, 1921, upon an order of the Appellate Division of the Supreme Court in the third judicial department, reversing a judgment in favor of plaintiff entered upon a verdict and directing a dismissal of the complaint in an action to recover for personal injuries alleged to have been sustained through the negligence of the defendant, his employer. The action was under the Federal Employers' Liability Act. At the time of the accident plaintiff was engaged in excavating around a turntable, which had been used in interstate commerce, for the purpose of enlarging the pit so that the old turntable might be replaced by a new and larger one. The Appellate Division held that plaintiff was not engaged in interstate commerce at the time of the accident.

*Charles Irving Oliver, George J. Moore, John M. Stark* and *Robert W. Upton* for appellant.

*John M. Cantwell* and *E. W. Lawrence* for respondent.