## No. 30,471.

### J. A. MARMONT and EVA MARMONT, *Appellants*, v. M. P. AXE and RUTH E. AXE, *Appellees*.

(10 P. 2d 826.)

Opinion filed May 7, 1932.

*E. H. Rees* and *O. T. Atherton*, both of Emporia, for the appellants.

*O. S. Samuel* and *R. H. Hudkins*, both of Emporia, for the appellees.

The opinion of the court was delivered by

SMITH, J.: This was an action for damages for breach and abandonment of a real-estate lease. Judgment was for defendants. Plaintiffs appeal.

Appellants owned a business building in Emporia. They rented it to appellees for a term of five years. It was occupied by appellees as a shoe store. After appellees had occupied the building some months the shoe business did not prosper and Axe asked Marmont if he would transfer the lease. It is about this conversation that this case turns. Axe testified that Marmont asked who he was figuring with and was told it was the Samuel Shoe Company, and that Marmont stated that he would look them up and if he thought they were reliable enough it would be all right.

Marmont testified:

"Mr. Axe came to me and told me that his business had not gone over as he expected it would. That he was afraid he was unable to make a go of it. He wanted to know if I would transfer the lease, provided he got a suitable tenant. I told him, 'Yes, I would do anything to help him out in the thing.' I asked who he was figuring with. He told me he was figuring with the Samuel Shoe Company. I told Mr. Axe at the time, 'All right, I would look the parties up, and if I thought they were responsible enough, it would- be all right with me.'"

It will be seen that the only substantial difference in the conversation as testified to by both parties is that Axe claims Marmont

used the word "reliable" and Marmont claims he used the word "responsible.".

Some time after the above conversation Axe sold his business to the Samuel Shoe Company. This company occupied the building in question for some months. It paid the rent to Marmont. After the company had been in the building about six months Marmont refused to assign the lease to it and it moved out of the building and vacated it. After a short lapse of time Marmont rented the building to another tenant, but at a lower rental. Suit was brought for the difference between the rental for the balance of the five-year term at the price appellees had agreed to pay, and the price at which Marmont was able to rent the property.

The petition alleged the lease and the abandonment and the amount at which appellants were able to lease for the balance of the term. The answer alleged that plaintiffs agreed to release appellees. It further alleged that if appellants suffered any damages it was due to the willful acts on the part of appellants in refusing to accept the Samuel Shoe Company, a corporation, as tenant; that the corporation would have remained in the premises, and would have paid appellants the money due under the lease, had appellants accepted them as tenants and given them a lease. A general verdict was returned in favor of appellees and the following answers were made to special questions:

"1. Was the Samuel Shoe Store Company, a corporation, financially able, ready and willing to comply with the terms of the lease and pay the rentals as expressed in said lease? A. Yes.

"2. Was said corporation ready, willing and able to pay the rentals on said property in question? A. Yes.

"3. Was the plaintiff willing to accept the Samuel Shoe Company as a tenant and look to it for payment of the rentals? A. Yes.

"4. Had the plaintiff been willing to accept the Samuel Shoe Company as a tenant, would said corporation have remained in said property and paid the rentals and complied with the terms of said lease? A. Yes.

"5. Did the plaintiff state to Mrs. Axe that he had agreed to turn the lease to the buyer of the Axe store provided the purchaser was responsible and reliable? A. Yes.

"6. Did the Samuel Shoe Store Corporation purchase the Axe property with the understanding and agreement to assume and become responsible for the performance of the lease in question? A. Yes.

"7. Had the plaintiff accepted the Samuel Shoe Store Company as a tenant and permitted it to assume said lease, would said plaintiff have sustained any loss or damage? A. No."

Judgment was entered accordingly. From that judgment this appeal is taken.

It will be noted that the special findings sustain the allegations pleaded in the answer that appellants could have avoided any damages by accepting the Samuel Shoe Company as a tenant. Appellants argue that these findings are not conclusive of the case. Their position is that they had an absolute right to choose the person to whom they wished to lease their property, and since they did not see fit to assign the lease between themselves and Axe to the Samuel Shoe Company that ended the matter and they had a right to look to appellees for the rent for the balance of the term. We cannot agree with this contention of appellants. Admitting the contention of appellants that there was no agreement on their part to accept the Samuel Shoe Company for a tenant, what was appellants' duty? Clearly it was to do everything they reasonably could to lessen the injury they were about to suffer on account of losing Axe as a tenant. (*Wilson v. National Refining Co.*, 126 Kan. 139, 267 Pac. 26; *Lawson v. Brokmann*, 116 Kan. 102, 226 Pac. 252.)

We have concluded that this is a case for the application of the rule laid down in *Lawson v. Callaway*, 131 Kan. 789, 293 Pac. 743. There it was said:

"Where a tenant under a contract to pay rent on real property abandons the property and notifies the landlord of that abandonment, it is the duty of the landlord to make a reasonable effort to secure a new tenant for the property and obtain rent therefrom before he can recover rent from the old tenant under the contract." (Syl.)

Here the findings of the jury, amply sustained by the evidence, are to the effect that when Axe abandoned his lease and turned the premises over to the Samuel Shoe Company that company was able, ready and willing to assume all the obligations of appellees under the lease and to continue to occupy the premises. Had appellants accepted this company as a tenant they would not have been damaged in the least. What the motive of appellants was that prompted them to reject the Samuel Shoe Company as a tenant is not material. Attention is called to the following language in *Wilson v. Refining Co.*, supra:

"Where a party seeks redress for the wrong of another, the law requires that he shall do whatever he reasonably can and improve all reasonable opportunities to avoid the consequences and to lessen the injury." (p. 144.)

The record here is clear that reasonable action on the part of appellants would have prompted them to have accepted the Samuel Shoe Company as a tenant.

The judgment of the district court is affirmed.