## W. C. HINES COMPANY v. NELSON D. ANGELL.[1]

March 10, 1933.

No. 29,105.

*Wright, Nelson & Plunkett,* for appellant.
*Ryan, Ryan & Ryan,* for respondent.

STONE, JUSTICE.

Action by lessee against its assignee to be reimbursed for rent paid. Plaintiff got the decision. Defendant appeals from the order denying his motion for amended findings or new trial.

March 20, 1928, plaintiff sold defendant its store in the city of Austin. Plaintiff held the premises under a lease which covenanted not to assign "without first obtaining * * * written consent of the lessors." If assigned without such consent, the lease stipulated

[1] Reported in 247 N. W. 387.

that "neither acceptance of rent by the lessors from the lessee, or any other person, thereafter, nor failure on the part of the lessors for any particular period to take action on account of such breach, or to enforce their rights, shall be deemed a waiver of the breach, but the same shall be a continuing breach as long as such subtenancy continues."

The contract of sale recited that plaintiff "has sold and does hereby agree to transfer, convey and set over to the" defendant not only the fixtures and merchandise but "also that certain lease covering the said premises, dated July 15, 1927, and running for a period of 3 years." The lessors refused written consent to the assignment. No more formal assignment was ever made.

Defendant took immediate possession under his contract with plaintiff and operated the store for about two years. During that period he paid the monthly rental to, and it was accepted by, the lessors without question or reservation. Late in March, 1930, defendant quit the premises and delivered the key to the lessors. Plaintiff, being liable therefor, paid the rent for the remainder, the last three and a half months, of the term, and in this action seeks reimbursement. Defendant denies liability.

■ As to the contract between plaintiff and defendant, if there were any question of construction, the solution would be facilitated and strengthened by the obvious effect given the transaction by the parties themselves. Wilmot v. Minneapolis A. T. Assn. 169 Minn. 140, 210 N. W. 861. By them it was considered sufficient assignment of the lease. The only obstacle was the covenant against assignment without written consent of lessors. But such a covenant, however stringent, may be waived by subsequent conduct manifesting that intention. Or the lessor may estop himself to question either assignee's right to possession or his own to claim a forfeiture for the breach. It is said to be the law that, with such a clause and a breach thereof, the lessor has only the option to forfeit for breach of condition, and "that the assignment is not void but passes the term, and the only remedy is for breach of the covenant."

J. S. Potts Drug Co. v. Benedict, 156 Cal. 322, 327, 104 P. 432, 435, 25 L.R.A. (N.S.) 609. That aside, defendant as assignee went

into possession with knowledge of the lessors, who accepted rent from him during the next two years without reservation. It seems rather obvious, therefore, that as to him they had either waived whatever claim they may have had to object to the assignment (Cohen v. Todd, 130 Minn. 227, 153 N. W. 531, L. R. A. 1915E, 846) or had estopped themselves to question his right as assignee. The assignment was of the whole term; and, defendant having gone into possession, there was established the privity of estate which made him liable to the lessors for the rent.

■ A lessee's covenant to pay rent runs with the land and is binding upon his assignee. Trask v. Graham, 47 Minn. 571, 50 N. W. 917. The liability of his assignee is put upon the privity of estate resulting from the assignment and the right of possession which it creates in the assignee. The latter, it is said,

"takes the whole estate of the lessee subject to the performance on his part of the covenants running with the land, and the law implies a promise to perform the duties thus imposed; and if, through his neglect or refusal to perform them, the lessee is obliged to pay rent, taxes, or other sums of money to the lessor under the covenants of his lease, he may recover the same from his assignee." 16 R. C. L. 841. See also annotation of Davidson v. Minnesota L. & T. Co. 158 Minn. 411, 197 N. W. 833, in 32 A. L. R. 1418 (1439).

The law no longer resorts to fictional promises. It simply imposes and enforces the appropriate obligation. Town of Balkan v. Village of Buhl, 158 Minn. 271, 275, 197 N. W. 266, 35 A. L. R. 470.

"This rule [of the assignee's liability to his assignor for rent paid by the latter] is based on the principle of principal and surety." Annotation, 52 L.R.A.(N.S.) 979.

■ It was held in Cohen v. Todd, 130 Minn. 227, 153 N. W. 531, L. R. A. 1915E, 846, that the assignee who assumes no contract obligation to pay rent is liable notwithstanding during the time he holds the lease, but that such liability ceases when he reassigns and delivers possession to a second assignee. That rule does not help defendant. His abandonment of the premises was properly con-

sidered below not to have been accepted by the lessors as a surrender of the lease. It was abandonment and nothing more. An assignee does not escape liability for rent by just walking out—"by a mere abandonment of the premises, since this is not sufficient to destroy the privity of estate upon which his liability rests." 35 C. J. 998. It was so held in Blake v. Sanderson, 67 Mass. 332; Dorrance v. Jones, 27 Ala. 630; and McLean v. Caldwell, 107 Tenn. 138, 64 S. W. 16. In the instant case the lessors did not waive their right to rent against either lessee or assignee. The rules applied in Lincoln F. W. Co. v. Greusel, 199 Wis. 428, 436, 224 N. W. 98, 102, 227 N. W. 6, 70 A. L. R. 1096, make for plaintiff's recovery, although there the lessor had "forever barred the assignees from the right of possession," thereby terminating their privity of estate and in consequence their liability for rent.

Order affirmed.