ANDERSON and wife, Appellants, vs. ANDY DARLING PONTIAC, INC., Respondent.

*June 7—June 30, 1950.*

*James C. Herrick* of Eau Claire, for the appellants.
*Darrell O. Hibbard* of Eau Claire, for the respondent.

GEHL, J. Plaintiffs, Donald R. Anderson and Rose S. Anderson, were co-owners of certain real estate whereon Donald R. Anderson operated an automobile auto-body repair shop. On June 30, 1948, defendant leased the building

from plaintiffs at a rental of $250 per month for the term of four years and two months and by separate agreement employed plaintiff, Donald R. Anderson, to manage a body shop therein at $250 per month, plus forty per cent of the net income. Both the lease and employment agreement were in writing. The lease contained the following provision:

"This lease is contemporaneous with that certain employment agreement entered into by and between Donald R. Anderson and Andy Darling Pontiac, Inc., of the same date and it is understood and agreed that should this lease terminate then said employment agreement shall terminate at the same time."

A similar provision appeared in the employment agreement:

"This agreement is contemporaneous with that certain lease agreement entered into by and between the parties hereto and Rose S. Anderson of the same date, and it is understood and agreed that should this agreement terminate, then said lease agreement shall terminate at the same time."

After ten months differences arose as to the manner of operating the business by the plaintiff, Donald R. Anderson.

On or about April 1, 1949, defendant gave plaintiffs written notice of its intention to terminate both contracts. On April 29, 1949, plaintiffs served upon defendant a notice containing the following clause:

"Now therefore take notice, herewith: That the undersigned, Donald R. Anderson and Rose S. Anderson, will on the first day of May, 1949, re-enter the premises described in said lease and will repossess said premises for the purpose of mitigation of damages thereunder, and will not waive any of their rights, legal or equitable, to any cause of action they may have by virtue of the said breach of said agreements."

Defendant vacated the premises on April 30, 1949. At once plaintiff, Donald R. Anderson, took possession and resumed operation of the shop on his own account and in an advertisement in a newspaper announced that "he will resume

operation of his paint and body shop." Toward the latter part of June plaintiffs listed the shop for rent with a real-estate broker who inserted an advertisement soliciting tenants in one issue of a local newspaper. There was no response to the advertisement.

Plaintiffs contend that their re-entry does not constitute an acceptance of defendant's surrender of the leased premises; that their purpose to the contrary is expressed in the notice served upon defendant which recites that the re-entry was made only for the purpose of mitigating damages. Their expression is not consistent with their conduct. An intention to re-enter for the purpose of minimizing damages must be made clear at the time of re-entry. *Mahonna v. Chaimson,* 214 Wis. 396, 253 N. W. 391. Re-entry for the purpose of minimizing damages only must be read out of all the circumstances, from the conduct as well as from the expression of the landlord. Immediately upon surrender the plaintiffs took possession of the premises and by a newspaper advertisement announced their intention to resume the same character of business on their own account which they and the defendant had previously conducted therein. They made no effort to obtain a new tenant until nearly two months after the surrender and after this action was commenced. Their conduct indicates their intention to take possession for the purpose of resuming the business which they had previously conducted on the premises.

We conclude that the trial court properly changed the jury's answer to question 3 of the verdict. Having so determined, it follows that, because of the interdependent provisions of the two contracts quoted above, both contracts were terminated on April 30, 1949.

Plaintiffs contend that the provision of the lease, that upon breach of any of its terms by the lessee the lessors may "re-enter and take possession of said premises, without such re-entering working a forfeiture of the rents to be paid and

the covenants to be kept by said lessee for the full term of this lease," entitles them to the rents not yet accrued even though there has been an acceptance of the surrender. They cite *Selts Inv. Co. v. Promoters of F. N. of W.* 197 Wis. 476, 485, 222 N. W. 812, where a similar provision of a lease was involved. There the court in effect concluded that under a stipulation for the payment of what is termed "rent" unaccrued at the time of re-entry permits the mere recovery of damages. The court said:

"The point made by counsel that there is a vital distinction between rents and damages as applicable to the instant case is rather technical, to say the least. The damages consist of unpaid rents. They are based upon the rents, and upon nothing else."

The court might properly have added, as has been observed by courts of other jurisdictions, that such a stipulation in a lease is an agreement for a penalty; that it is unreasonable in character and therefore void. *884 West End Ave. Corp. v. Pearlman,* 201 App. Div. 12, 193 N. Y. Supp. 670 (affirmed without opinion in 234 N. Y. 589, 138 N. E. 458), *In re F. & W. Grand 5-10-25 Cent Stores* (2d Cir.), 69 Fed. (2d) 807. The provision in the lease here involved for the payment of the unaccrued rent in case of breach by the lessee is in reality a penalty entirely disproportionate to any damage that could reasonably be expected to ensue, especially if the landlord should act as he is required, to use reasonable diligence and make reasonable effort to minimize the damages resulting from a breach. *Poposkey v. Munkwitz,* 68 Wis. 322, 32 N. W. 35. Considering a similar lease provision the United States supreme court has said:

". . . agreements to pay fixed sums plainly without reasonable relation to any probable damage which may follow a breach will not be enforced." *Kothe v. R. C. Taylor Trust,* 280 U. S. 224, 226, 50 Sup. Ct. 142, 74 L. Ed. 382.

We are in accord with the above and are led to the conclusion by the result in the *Selts Case, supra.* The court did not, expressly at least, find the stipulation void, but by the use of the language at page 485, "The better rule, in our opinion, is the one which requires the landlord to use reasonable diligence to obtain a new tenant or tenants, so that the damages may be minimized," determined it to be ineffective.

As has been pointed out, plaintiffs re-entered to conduct a business upon the premises, they made no effort to obtain a new tenant until after they commenced this action, and then only a trivial one. They did not use reasonable diligence to obtain a new tenant. They failed to prove recoverable damages for breach of the terms of the lease.

When the lease was terminated the employment agreement, by the terms of the interdependent provisions of the two contracts quoted above, was also terminated, and no claim for damages under the employment agreement may be maintained.

*By the Court.*—Judgment affirmed.