No. 29,543.

A. D. Taylor, *Appellant,* v. F. E. White, Sheriff of Sherman County, and William Mangus, *Appellees.*

(293 Pac. 743.)

Opinion filed December 6, 1930.

*Elmer E. Euwer*, of Goodland, for the appellant.
*George D. Freeze*, of Goodland, for the appellees.

The opinion of the court was delivered by

DAWSON, J.: This was an action to enforce a harvester and thresherman's lien and the priority thereof over other liens and claims against the property involved.

The salient facts were these: In the crop season of 1929 Frank Petracich and Paul Tumbri had crops of wheat and barley growing on three quarter sections of land in Sherman county. On June 1, 1929, they engaged the services of the plaintiff to harvest and thresh those crops at maturity. They agreed to pay him $2 per acre and 8 cents per bushel to harvest and thresh 60 acres of wheat, and 60 cents per acre to cut and put in the windrow 195 acres of barley. About July 15, 1929, plaintiff set to work under his contract and continued thereat from day to day until July 27, 1929, when his services were terminated by the sheriff, who that day levied upon the crops under authority of a writ of attachment issued on an affidavit and attachment bond procured at the behest of William Mangus in an action that day begun in the district court of Sherman county by Mangus as plaintiff against Petracich, Tumbri and others, defendants. The sheriff levied upon, attached, and took possession of the wheat which plaintiff had harvested and threshed with a combined harvester-thresher, and also took possession of the barley which plaintiff had cut and laid in the windrow.

At the time plaintiff's work was interfered with by the sheriff under authority of the attachment order, plaintiff had cut and laid in the windrow 171 acres of barley and had harvested and threshed 60 acres of wheat which yielded 250 bushels.

Four days later, on July 31, 1929, plaintiff filed a harvester and thresherman's lien, in conformity with the statute, and on October 22, 1929, he began this action against the sheriff and Mangus to enforce his lien, alleging the pertinent facts.

Defendants answered, denying plaintiff's allegations of fact touching his employment by Petracich and Tumbri, and joining issue on his right to a lien for his services.

The cause was tried by the court without a jury. The facts of plaintiff's petition and lien statement were established. The judgment roll, in part, recites:

". . . The court finds that plaintiff's harvesting and threshing lien sued upon in said action is a valid lien, that the same was filed within time, as provided by law . . .

"And the court further finds that plaintiff combined and threshed sixty acres of wheat on [land prescribed] and threshed two hundred and fifty bushels of wheat off said sixty acres at 8 cents per bushel.

"The court further finds that plaintiff, under a contract with the owners of said grain, cut and windrowed one hundred and seventy-one acres of barley on [land prescribed].

. . . . . . . . . . . . . .

"And the court finds there is due plaintiff for said combining, harvesting, threshing and windrowing the sum of $242.60, under plaintiff's lien."

Apparently the court also inquired into the further doings of the sheriff under the attachment order, and found that that officer had employed another workman, E. E. Howlett, to pick up and thresh the 171 acres of barley cut and windrowed by plaintiff and to harvest and thresh the remainder of the standing wheat, and had incurred transportation expenses to have the grain hauled to market. On this point the judgment roll recites:

"Court further finds that E. E. Howlett shall have a first lien to be paid out of the funds now in the hands of the sheriff of Sherman county, Kansas, for combining, harvesting and threshing the grain grown on the above-described land, and taken under the order of attachment by said sheriff. That the sheriff, as a second lien, shall pay for hauling the grain to market, taken under said order of attachment in the case of *William Mangus, plaintiff, v. Frank Petracich et al., defendants,* No. 4574. And that plaintiff shall have a third lien for the amount herein found due under his lien, and that the plaintiff, William Mangus, in said case No. 4574, shall have a fourth lien under his chattel mortgage."

Judgment was entered accordingly and plaintiff appeals, contending that the trial court erred in postponing his lien from its rightful position of precedence to that of a third lien subordinate to those allowed to Howlett, who finished the job after plaintiff was

prevented from completing it, and subordinate also to the sheriff's claim or that of some employee of his for hauling the grain to market.

An elementary rule of law for determining conflicting liens and claims of litigants is that "first in time makes first in right." This rule is one of equity and good conscience, against the application of which no litigant has just ground of complaint. When plaintiff contracted with Petracich and Tumbri to harvest and thresh their crops he had a right to rely on the protection given him by the statute and by the rules of law governing precedence of liens. (R. S. 58-203, 204, 205; 17 R. C. L. 610; 37 C. J. 328.) In the early case of *Rankin & Schatzell v. Scott*, 25 U. S. 177, 6 L. Ed. 592, Chief Justice Marshall said:

"The principle is believed to be universal, that a prior lien gives a prior claim, which is entitled to prior satisfaction, out of the subject it binds, unless the lien be intrinsically defective, or be displaced by some act of the party holding it, which shall postpone him in a court of law or equity to a subsequent claimant."

This court is advised that the trial court was constrained to the conclusion and judgment it reached because the proceeds of the sale of the wheat and barley are not sufficient to pay the claims of plaintiff and Howlett and the other expenses and costs in full. That situation is no concern of plaintiff. He did nothing to cause or incur those junior claims, expenses and costs. That predicament is only of concern to the person who executed the attachment bond and to those who must look to it for satisfaction of their lawful demands.

The judgment of the district court must be reversed and the cause remanded with instructions to enter judgment in favor of plaintiff for $242.60 with interest thereon at 6 per cent per annum from December 4, 1929, until paid, which judgment shall have priority over any and all other liens and claims whatsoever, and for the enforcement thereof accordingly.

It is so ordered.