Williams, Judge,
delivered the opinion of the court:
The plaintiff seeks to recover the sum of $24,166.39, alleged to be due from the defendant for unpaid rent for the period March 1, 1935, to June 30, 1935, under a lease of a parcel post station at Minneapolis, Minnesota.
Suit is based on a lease made between the Federal Building Realty Corporation and the Postmaster General bearing date of December 8, 1923. The lease by its terms superseded and cancelled an earlier lease dated October 5, 1922, between the same parties for the same premises. The two leases contained identical provisions with the exception that a provision in the earlier lease of October 5, 1922, reading “It is agreed and understood by the parties hereto that this lease may be terminated whenever the post office for the use of which this lease is made can be moved into a Government building upon ninety days’ notice to the lessor of the intention of the Department so to terminate,” was omitted from the lease of December 8, 1923.
The lease of December 8, 1923, contained the following-provision : “It is understood and agreed that this lease supersedes and cancels the lease for the same quarters dated October 24, 1922, for the same period at the same rental.” The Federal Building Realty Corporation paid the defendant no additional consideration in connection with the execution of the lease of December 8, 1923.
The plaintiff’s right to recover depends entirely upon the validity of the lease of December 8, 1923. The defendant contends that this lease was a nullity and wholly invalid, and that the first lease was the only valid subsisting con *541 tract between the parties from July 5, 1922, to March 6, 1935, when the defendant surrendered possession of the premises.
The facts disclose that in response to an advertisement of the United States Post Office Department for proposals for the construction and lease of a parcel post station in Minneapolis, Minnesota, Johnson, Drake & Piper, Inc., on December 29,1921, submitted to the Post Office Department its proposal to erect for, and lease to, the defendant such parcel post station for a term of 20 years from June 15, 1922, or subsequent date as might be designated, “subject to the provisions of the lease contract used by the Post Office Department, excluding, however, the cancellation clause, or clauses, therein.” The cancellation clause of lease contracts of the Post Office Department excluded by Johnson, Drake & Piper, Inc., in its proposal, is the one which reads:
It is agreed and understood by the parties hereto that this lease may be terminated whenever the post office for the use of which this lease is made can be moved into a Government building upon ninety days’ notice to the lessor of the intention of the Department so to terminate.
Under the act of March 3,1885, the inclusion of this provision was mandatory in all leases for premises for use as a post office.
After the submission of its proposal certain officers of Johnson, Drake & Piper, Inc., conferred with officials of the Post Office Department, including Dr. Hubert Work, First Assistant Postmaster General, with particular reference as to whether or not a noncancellable lease could be given by the Post Office Department. The officers of Johnson, Drake & Piper, Inc., stated in these conferences that the corporation was unwilling to proceed with the erection of a parcel post station unless it would eventually receive a noncan-cellable lease. Officials of the Post Office Department, including Dr. Work, stated that as soon as the present law was amended to permit the giving of a noncancellable lease such noncancellable lease would be given to Johnson, Drake & Piper, Inc., and further informed such officers that amend-atory legislation had been contemplated for some time and *542 that the Postmaster General bad contacted certain Congressional leaders who had assured him that the prohibitory clause would be eliminated. The officers were further advised by Dr. Work that since it might take several months to secure the proposed change in the laAv, Johnson, Drake & Piper, Inc., might have to temporarily take a cancellable lease in order to secure payment of the rent, but that as soon as the law was changed, a noncancellable lease would be given.
Acting upon this understanding Johnson, Drake & Piper, Inc., Began the construction of the parcel post station, but early in 1922, before the building was completed, and before a formal lease had been entered into, Johnson, Drake & Piper, Inc., organized the Federal Building Realty Corporation for the purpose of taking title to the property and arrangements were completed with the defendant whereby the Federal Building Realty Corporation would become the lessor of the premises. In October 1922 the Federal Building Realty Corporation received from the Post Office Department a lease to the parcel post station. The lease covered a 20-year period beginning July 5, 1922, and carried an annual rental of $11,900. It was filed in the land records of Hennepin County, Minnesota, October 30, 1922. This lease contained the provision that “the lease may be terminated whenever the post office for the use of which this lease is made can be moved into a Government building upon ninety days’ notice to the lessor of the intention of the department so to terminate.” The act of March 3, 1885 (23 Stat. 385, 386), was repealed by Congress on June 19, 1922 (42 Stat. 652, 656), so that at the time the original lease was executed the Postmaster General had full authority to make a noncancellable lease, but apparently that fact was overlooked by the parties to the lease and the cancellable provision of the act of March 3,1885, was inserted although it had been agreed between the Post Office Department and Johnson, Drake & Piper, Inc., that a noncancellable lease would be given as soon as the law had been amended permitting that to be done.
Early in 1923, following the execution of this lease, an officer of the Federal Building Realty Corporation in Min *543 neapolis telephoned Postmaster General Work seeking1 to ascertain when the noncancellable lease would be executed. Dr. Work advised him that it would come through, but that it would take several months, and assured him there was no question, but that the Federal Building Realty Corporation would receive the kind of lease it had been promised. Following this telephone conversation there were no further communications or negotiations of any kind between the parties in respect to the lease until December 28, 1923, when the Post Office Department transmitted to the postmaster at Minneapolis the second lease, dated December 8, 1923, with instructions that it be delivered by him to the Federal Building Realty Corporation, as lessor, and with the further directions that the copy marked “original” should be recorded at the expense of the lessor, and that the copy marked “duplicate” should be retained by the lessor. The lease was duly received by the Federal Building Realty Corporation from the postmaster on December 31,1923, and in accordance with the directions of the defendant the “original” was recorded on January 3,1924, in the land records of Hennepin County, Minnesota, and was returned by the lessor to the postmaster on January '21, 1924, the lessor retaining for its files the “duplicate.”
On September 15, 1926, the plaintiff, Twin Cities Properties, Inc., purchased from the Federal Building Realty Corporation the real estate subject to the lease of December 8, 1923. On the same date the Federal Building Realty Corporation also assigned to plaintiff all its right, title, and interest in, to, and under the lease of December 8, 1923, together with rents accruing after September 15,1926, reserved to the lessor in the lease. The Federal Building Realty Corporation on the same date executed a certificate of transfer of leased property, directed to the Postmaster General. It certified that the premises so occupied as a parcel post station by virtue of the lease of December 8, 1923, had been sold to the plaintiff on September 15, 1926, and that the lease had been assigned to plaintiff, and that all rents were payable to plaintiff after September lo> 1926. On September 17, 1926, the certificate of transfer of leased property was transmitted by the plaintiff to the Postmaster General *544 by letter in which it was requested that rents accruing after September 15, 1926, be paid to the plaintiff , at its office in St. Louis, Missouri.
The Comptroller General notified the Post Office Department that the certificate of transfer had been approved, and on October 6, 1926, the Post Office Department directed that rent be paid to plaintiff, as the new owner of the property, beginning on September 15, 1926, and such rent was regularly paid to the plaintiff from that date through February 28, 1935.
On December 5,1934, plaintiff was advised by the defendant that the lease dated December 28,1923, was invalid, null, and void, and that the provisions of the lease dated October 24, 1922, were in full force and effect. Plaintiff was further advised that:
Therefore, in accordance with the provisions of this lease, you are informed that the Department elects to cancel the contract on account of the occupancy of the Federal building, and will yield up and surrender possession of the premises to you as lessors at the close of business on March 6, 1935.
The defendant over plaintiff’s protest, early in March 1935, moved the postal station facilities located on and occupying the premises described in said leases into a new Federal building, and on March 6, 1935, delivered possession of the leased premises to the plaintiff’s representative.
The contention of the defendant that the lease of December 8, 1923, is illegal and void is based on the theory that the lease of October 24, 1922, embodied the definite agreement of the parties in respect to the lease of the premises in question, under the terms of which the defendant acquired a vested right to cancel and terminate the lease upon the conditions therein stated, which right could not be divested without consideration or benefit coming to the Government in return. It is contended that since the superseding lease of December 8, 1923, carried no additional consideration to the Government for the omission of the provision for cancellation or termination of the lease, it is void for want of consideration. The defendant has cited numerous authorities in support of its position. We have considered the au *545 thorities cited and are of the opinion they are not applicable to the facts of the instant case. They belong to that type of cases, in the main, where a party having a contract with the Government seeks a modification of the contract during performance and without giving any new benefit to the Government secures a new and more beneficial contract. We are confronted with a different situation here.
The original proposal was submitted on the basis of a noncancellable lease and plaintiff’s predecessor in title, who submitted the proposal and conducted the negotiations leading up to the making of the lease, at all times informed the Post Office Department that it was unwilling to proceed with the erection and lease of the building unless it would eventually receive a noncancellable lease. The parties were in complete agreement before the execution of any lease that the lessor should have a noncancellable lease in the event the law was changed making execution of such a lease possible. The law was changed permitting the making of noncancellable leases before the execution of the lease of October 24, 1922, and the Postmaster General at the time of the execution of that lease had ample legal authority to make a noncancellable lease. For reasons which do not appear, and which we think are immaterial, this lease, when made, contained the cancellable provision required by the act of March 3, 1885. It is perfectly clear, however, that both the Federal Building Bealty Corporation and the defendant regarded this lease as at most a temporary lease not intended to be final. It was well understood by the parties that the lease in its final form was to be noncancellable.
The fact that the, lease of December 8, 1923, noncan-cellable in form, was prepared and executed by the Post Office Department within a few months following the first lease, without any further negotiations between the parties, warrants the conclusion that it was executed solely for the purpose of effectuating the original.understanding of the parties of the type of lease the lessor was to get. In executing the second lease, the original parties thereto voluntarily caused the first lease to be superseded and cancelled for the purpose of making the lease as finally executed comport with, and carry out, the understanding and agreement orig *546 inally had between the parties. In view of these facts the lease of December 8, 1928 was a valid lease upon which plaintiff, as assignee of the original lessor, is entitled to recover. The plaintiff is hereby awarded a judgment in the sum of $24,166.39.
It is so ordered.
Whaley, Judge; LittletoN, Judge; GreeN, Judge; and Booth, Chief Justice, concur.