Whaley, Chief Justice,
delivered the opinion of the court:
In this action plaintiff seeks to recover $250,000 as alleged rent due for the nine-month period beginning September 1, 1939, and ending June 30, 1940, on certain premises in the city of New York which the defendant previously occupied as a post office.
*405 Plaintiff on March 1, 1922, entered into a lease with the Post Office Department for the use of certain premises for a period of twenty years from October 1,1921, at a specified rental of $400,000 for the first year and $300,000 per annum for the balance of the term, payable in quarterly installments. The lease did not contain any express provision giving defendant the right of cancellation at any time during its term. There was in effect, however, at the time of its execution, the Act of March 3, 1885 (23 Stat. 386) which provided in part:
* * *: and a lease shall cease and terminate whenever a post office can be moved into a Government building.
This provision of the statute was repealed June 19,1922.
Defendant erected its own post-office building, and on May 27, 1939, when it appeared that the building would be ready for occupancy as a postal station and defendant was desirous of moving into it, plaintiff was notified, of defendant’s election to cancel its lease and surrender plaintiff’s premises at the close of business on August 31,1939. Plaintiff declined to accept the cancellation and protested the vacating of the premises by the defendant. However, defendant removed its facilities from the premises to the Government building and vacated the premises on August 31, 1939. Since that time the defendant has not occupied the premises nor paid rental therefor.
The sole question presented is whether defendant had the right to cancel the lease prior to the expiration of the twenty-year term.
Although the lease did not' contain an express provision giving defendant the right of cancellation, nevertheless, at the time the lease was entered into, the Act of 1885, supra, was in effect providing that a lease should cease and terminate whenever a post office could be moved into a Government-owned building. This provision of the statute was as much a part of the lease as if it had been written therein and formed a part of the contractual relations of the parties. As was said by the court in Farmers and Merchants Bank of *406 Monroe, North Carolina, v. Federal Reserve Bank, 262 U. S. 649, 660:
Laws which subsist at the time and place of the making of a contract * * * enter into and form a part of it, as fully as if they had been expressly referred to or incorporated in its terms.
Plaintiff contends, however, that the Act of 1885, swpra, having been unreservedly repealed, took out of the lease the cancellation clause provided for in that act. In other words, that the repeal of this statute on June 19, 1922, had-a retroactive effect which left the lease without any cancellation clause and made, the Government responsible for the rental for the full term of the lease.
Before the statute was repealed the lease had been executed and the right of cancellation was interwoven into it by the then existing statute. The only way in which it could be taken out would be to give the statute a retrospec-. tive effect, which is contrary to the well-accepted rule that a statute will not be given a retrospective effect unless its terms show a legislative intention to so operate.
In United States v. Heth, 3 Cranch, 399, 413, the general rule was laid down that—
Words in a statute ought not to have a retrospective operation, unless they are so clear, strong, and imperative, that no other meaning can be annexed to them, or unless the intention of the legislature cannot be otherwise satisfied.
This rule has been followed ever since. See United States v. Burr, 159 U. S. 78, 82, 83.
In Miller v. United States, 294 U. S. 435, 439, the court held:
The law is well settled that generally a statute cannot be construed to operate retrospectively unless the legislative intention to that effect unequivocally appears. Twenty per Cent. Cases, 20 Wall. 179,187; Chew Heong v. United States, 112 U. S. 536, 559; Fullerton-Krueger Co. v. Northern Pacific Ry. Co., 266 U. S. 435, 437.
There was a total absence of any expressed retrospective legislative intention in the repealing statute of June 19,1922, but, on the contrary, the whole legislative history of the re *407 peal statute was that it should be prospective only in its application. The situation as represented to the Congress at that time was that the landlords were charging higher rentals for leases of their buildings because of the uncertainty of the duration of the lease, due to the right of the Government to cancel at any time when it could move to its own building. The statute was repealed in order to procure better rental terms in the future. (Congressional Record, Yol. 62, part 5, 67th Congress, 2nd Session, page 4932; Congressional Record, Yol. 62, part 7, 67th Congress, 2nd Session, page 6911; Report of the Joint Commission on Postal Service, 67th Congress, 1st Session, Senate Document No. 74, page 20.)
Plaintiff’s lease had been executed almost four months before the repeal statute had been passed. There is nothing in the record to show that plaintiff expected the repeal statute to be passed or that the Government received any benefit from the long-term lease by way of reduction of rent.
Plaintiff relies on two decisions of this court in Twin Cities Properties, Inc., v. United States, 87 C. Cls. 531 and 90 C. Cls. 119. These cases are clearly distinguishable. The plaintiff in these cases was unwilling to enter into a lease which had a cancellation clause and the negotiations show that the Department was urging Congress to repeal the Act of 1885, and if the Act of 1885 had not been repealed the premises would not have been leased. There were two leases in question, both executed after the repeal of the Act of 1885. The first lease contained a cancellation clause and, when it was drawn to the attention of the Department that it was inadvertently inserted, this lease was cancelled and another lease, without the cancellation clause, was entered into according to the agreement of the parties. Clearly it appeared in these cases that the Government received the benefit of the repeal of the statute of 1885 and obtained lower rentals.
The defendant contends that plaintiff should not recover because Congress had not made an appropriation for the payment of the rental after August 31, 1939. It is not necessary to consider this question because we have held above that plaintiff is not entitled to recover under its lease for *408 a further period than August 31, 1939, under defendant’s right of cancellation as contained in the Act of 1885.
The petition is dismissed. It is so ordered.
Jones, Judge, concurs.